PHILIP S. HAMILTON'S CASE.

*Habeas corpus—Defects in criminal proceedings.*

Technical defects in a justice's warrant of commitment are not reviewable in habeas corpus proceedings ; redress must be sought in some way prescribed by statute for review by an appellate court.

Habeas corpus is the proper remedy for a conviction without jurisdiction.

A circuit judge is not an appellate tribunal for proceedings taken before a justice of the peace in a county not belonging to his circuit and where he is not acting ; and if in such proceedings he exercises authority by writ of habeas corpas, he has only the powers of a circuit court commissioner and he cannot review the judgment.

An appellate court can use the writ of habeas corpus as one means of exercising its supervisory power ; but tribunals which have no appellate power cannot use it as a writ of error.

Certiorari to Ionia.    (V. H. Smith, J.)    June 19.— June 22.

Attorney General *Jacob J. Van Riper* for the People.

*Blanchard & Cagwin* for respondent.

COOLEY, J. Hamilton was convicted by a justice of the peace of the county of Schoolcraft for that " on the 30th day of December, A. D. 1882, at Seney, in the township of Manistique, in said county of Schoolcraft, said Philip S. Hamilton did engage in and carry on the business of selling and offering for sale, by retail, spirituous and intoxicating liquors, and did sell, at retail, spirituous and intoxicating liquors, without first having paid the tax upon the business of selling or offering for sale spirituous or intoxicating liquors by retail, in violation of Act number 268 of the Session Laws of 1879, approved May 31st, 1879, and the Act number 156 amendatory thereof, approved May 19th, 1881, of the Laws of Michigan. " On this conviction he was sentenced to the House of Correction at Ionia for the period of ninety days, and was duly committed by the warrant of the justice. He thereupon obtained from the judge of the circuit court for the county of Ionia a writ of habeas corpus, and on a hearing upon return to that writ he was discharged.

The discharge necessarily assumed that the record of conviction failed to show the commission of any offense. This conclusion was reached apparently upon a somewhat critical and technical examination of the commitment, and we are not satisfied that the criticism was not overnice. But the point is not very material, as it is plain that technical defects are not reviewable on this process.

If the warrant showed a conviction without jurisdiction, habeas corpus would be the proper remedy ; but when the defects are mere irregularities the party must seek redress in some of the modes provided by statute for review by some appellate tribunal. The circuit judge of the Ionia circuit is not an appellate tribunal in respect to proceedings which take place before justices of the peace of the county of Schoolcraft, and in exercising authority by the writ of habeas corpus he is commissioner merely, and what he may do, the circuit court commissioner of the county may claim the right to do also. Nor would the authority be limited to convictions by justices of the peace, but the circuit court commissioner might in the same way assume to review the

judgments and sentences of the circuit courts, and we might witness the spectacle of these inferior officers sitting as judges of review upon the action and judgments of courts of general jurisdiction. A sense of propriety might restrain such action, but we cannot fail to perceive what possibilities are involved in sustaining this discharge. An appellate court may no doubt make use of the writ as one means of exercising its supervisory power, but it is not to be employed as a writ of error by tribunals not possessing the appellate authority.

The order of discharge is vacated.

The questions above mentioned were the only ones presented on this hearing, and we are not to be understood as deciding, by implication or otherwise, any others.

The other Justices concurred.