*In re* BROCK.

1. HABEAS CORPUS—REVIEW—WRIT OF ERROR.
   A writ of error does not lie to review habeas corpus proceedings.

2. SAME—CERTIORARI.
   Certiorari lies to review such habeas corpus proceedings as are reviewable.

Error to recorder's court of Detroit; Connolly and Phelan, JJ. Submitted April 3, 1906. (Calendar No. 21,637.) Decided April 30, 1906.

Habeas corpus proceedings by Felix Brock to obtain his release from a warrant of rendition. There was an order denying the writ, and petitioner brings error: On motion to dismiss the writ. Granted.

*Ormond F. Hunt*, Prosecuting Attorney, for the motion.

*Charles T. Wilkins*, contra.

CARPENTER, C. J. Petitioner is deprived of his liberty by virtue of a warrant of rendition issued by the governor of this State upon the requisition of the governor of Ohio. He instituted these habeas corpus proceedings in the recorder's court for the city of Detroit for the purpose of obtaining his liberty. That court decided that his detention was legal and remanded him to custody. For the purpose of reviewing said decision petitioner applied to this court for a writ of certiorari. We denied that application. He then, also for the purpose of reviewing said proceedings, took out a writ of error from this court. A motion is made to dismiss that writ, on the ground that a writ of error does not lie to review habeas corpus proceedings.

This motion must be granted. *People* v. *Fairman*, 59 Mich. 568, settled the law in this State. In that case it was said:

"There is no statute in this State which authorizes a writ of error in such a case as this, and at common law the writ of error does not lie to a final order made in proceedings upon habeas corpus."

In harmony with this decision are the following cases: *People* v. *Conant*, 59 Mich. 565; *People* v. *Calhoun Circuit Judge*, 30 Mich. 266; *Attorney General* v. *Jackson Circuit Judge*, 90 Mich. 272. It is true that this court once held that habeas corpus proceedings could be reviewed by writ of error. See *In the Matter of Hicks*, 20 Mich. 129. This case is in conflict with the later cases above cited, and is overruled by them.

It is proper to add that certiorari is the writ by which this court reviews such habeas corpus proceedings as are reviewable (see *People* v. *Calhoun Circuit Judge*, 30 Mich. 266; *Hamilton's Case*, 51 Mich. 174), and that we refused to issue that writ to review the present proceedings, on the ground that the petition and accompanying papers disclosed no error prejudicial to petitioner.

Motion granted.

MCALVAY, GRANT, BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.