_In .re_ LAMANNA.

1. HABEAS CORPUS—APPEAL AND ERROR—QUESTIONS REVIEWABLE.
   Questions reviewable by writ of error may not be reviewed in _habeas corpus_ proceeding.

2. CRIMINAL LAW—HABEAS CORPUS—QUESTIONS REVIEWABLE.
   Where accused was duly convicted of kidnapping in court of competent jurisdiction, sentence imposed was within statute, and commitment under which he is imprisoned is regular on its face, he is not entitled to discharge in _habeas corpus_ proceeding which raises only questions of fact which were passed on by jury.

_Habeas corpus_ proceeding by Vincent Lamanna, with accompanying certiorari to W. McKay Skill-

man, Judge of the Recorder's Court of the City of Detroit, to obtain release from branch of State prison at Marquette.   Submitted March 21, 1933. (Calendar No. 36,912.)   Writs dismissed May 16, 1933.

*Vincent Lamanna, in pro. per.*

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

NORTH, J.   On petitioner's application a writ of *habeas corpus* with the accompanying writ of certiorari was issued in this cause.   Upon trial in the recorder's court in the city of Detroit, petitioner, charged with kidnapping, was convicted and sentenced to the branch of the Michigan State prison at Marquette for not less than 25 years nor more than 60 years.   It is set forth in the petition:

"That said sentence as imposed on the 28th of September, 1931, is illegal and void and in contravention of the laws of this State, constitutional and statutory."

Petitioner's reason for asserting that his imprisonment is illegal and void is:

"That he is a victim of a gross miscarriage of justice and should therefore have the full benefit and protection of the law.   Your petitioner is not proceeding to a lawsuit against this State because of any technicalities in the proceedings, procedure or pleadings applied in his case, but because he is innocent of any wrongdoing."

Without quoting further from the record, it may be said petitioner's application for the writ of

*habeas corpus* is based solely upon a claim that "there is positively and absolutely no evidence to support (his) conviction." In other words, he here seeks a review of the merits of the case and raises only questions which could have been reviewed on appeal.

"Questions decided in review on writ of error may not be reviewed in *habeas corpus* proceeding, nor may further review of alleged errors, short of jurisdiction of circuit court, be had.

"Writ of *habeas corpus* cannot function as writ of error." *In re Palm* (syllabi), 255 Mich. 632.

"Questions reviewable by writ of error may not be reviewed in *habeas corpus* proceeding." *In re Gardner* (syllabus), 260 Mich. 122.

In petitioner's brief it is asserted that the undisputed testimony in the trial court was to the effect that petitioner had nothing to do with and knew nothing about the commission of the crime until several days after it was committed. He was a witness in his own behalf, and this phase of the record was urged in his defense. However, there was testimony which disclosed that, subsequent to the kidnapping, defendant acted as a go-between in negotiating and securing the payment of a ramson incident to the release of the victim. The jury evidently found petitioner guilty as an accessory, if not as principal, in the commission of the offense charged. It was petitioner's claim that whatever he did as a go-between in negotiating the ransom was done involuntarily and under compulsion of threats of those who actually committed the offense. All this went to the jury on the factual aspect of the case, and is not now reviewable on *habeas corpus*. Petitioner was duly convicted in a court of com-

petent jurisdiction, the sentence imposed was within the statute (3 Comp. Laws 1929, § 16732), and the commitment under which he is imprisoned is regular upon its face. Nothing reviewable upon *habeas corpus* is presented in this record. Petitioner is not entitled to be discharged, the relief prayed for is denied, and the writ dismissed.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.