*In re* ABBOTT.

1. HABEAS CORPUS—FEDERAL PRISONER.
   Persons detained by process of any Federal court in cases where such court has exclusive jurisdiction or shall have acquired it by commencement of suit therein are not entitled to writ of *habeas corpus* from State court and should petition or papers attached thereto in latter court disclose that detention is by virtue of such process, writ cannot be granted (3 Comp. Laws 1929, §§ 15207, 15210, 15211).

2. SAME—IMPEACHMENT—COLLATERAL ATTACK—FEDERAL CASE.
   Controverted matters of law and fact in case resulting in default judgment and detention of defendant under *capias ad satisfaciendum* issued by Federal court cannot be impeached nor examined collaterally by State court on *habeas corpus* (3 Comp. Laws 1929, § 15229).

3. SAME—APPEAL AND ERROR—CERTIORARI.
   *Habeas corpus* may not be employed to serve in any instance where review could and should have been had by writ of error or certiorari.

*Habeas corpus* proceeding by Charles S. Abbott to obtain his release from Berrien county jail where he is detained under a *capias ad satisfaciendum* issued by the United States district court for the western district of Michigan. Submitted May 25, 1934. (Calendar No. 37,947½.) Writ denied June 6, 1934.

*Gore, Harvey & Fisher,* for petitioner.

PER CURIAM. This is an application for writ of *habeas corpus.*

Petitioner alleges that he is imprisoned by the United States marshal for the western district of Michigan, and the sheriff of the county of Berrien, on a *capias ad satisfaciendum,* issued by the United States district court for the western district of Michigan. He avers errors in the judgment upon which the *capias* issued, and asserts that the Federal court erroneously assumed jurisdiction of the suit and of his person. He appeared specially in the case and moved to quash the summons and attacked the jurisdiction of the court and, upon denial of his motion, entered no further appearance and judgment was taken against him by default.

The application is so out of the ordinary that, in denying the writ, we file this memorandum.

Petitioner invokes the power of this court to issue writs of *habeas corpus.* Several sections of the statute, as well as authority we shall mention, bars issuance of the writ.

Section 15207, 3 Comp. Laws 1929, known as section 8 of the *habeas corpus* act, provides:

"The following persons shall not be entitled to prosecute such writ:

"1.   Persons committed or detained by virtue of any process issued by any court of the United States, or any judge thereof, in cases where such courts or judges have exclusive jurisdiction under the laws of the United States, or shall have acquired exclusive jurisdiction by the commencement of suits in such courts."

Section 15210 provides:

"The petition must state in substance: * * *

"2.   That such person is not committed or detained by virtue of any process, judgment, decree or execution specified in the preceding eighth section."

Section 15211 provides:

"Any court or officer empowered to grant any writ applied for under this chapter, to whom such petition shall be presented, shall grant such writ without delay, unless it shall appear from the petition itself, or from the documents annexed, that the party applying therefor is, by the provisions of this chapter, prohibited from prosecuting such writ."

Section 15229 provides:

"But no court or officer, on the return of any *habeas corpus* or certiorari issued under this chapter, shall have power to inquire into the legality or justice of any process, judgment, decree or execution, specified in the preceding eighth section of this chapter."

Controverted matters of law and fact were for determination of the Federal district court and cannot be impeached and examined collaterally by this court.

We have repeatedly held that *habeas corpus* may not be employed to serve in any instance where review could and should have been had by writ of error or certiorari. See *In re Joseph,* 206 Mich. 659.

The writ petitioner here seeks would bring to reexamination collateral questions of fact and law presented to and adjudicated by the Federal district court. Petitioner is within the dominion and exclusive jurisdiction of the United States court.

As said in *Abelman* v. *Booth* and *United States* v. *Booth,* 21 How. (62 U. S.), 506, 523:

"If he is wrongfully imprisoned, their judicial tribunals can release him and afford him redress. And although, as we have said, it is the duty of the marshal, or other person holding him, to make known, by a proper return, the authority under

which he detains him, it is at the same time imperatively his duty to obey the process of the United States, to hold the prisoner in custody under it, and to refuse obedience to the mandate or process of any other government. And consequently it is his duty not to take the prisoner, nor suffer him to be taken, before a State judge or court upon a *habeas corpus* issued under State authority. No State judge or court, after they are judicially informed that the party is imprisoned under the authority of the United States, has any right to interfere with him, or to require him to be brought before them."

To like effect see *Tarble's Case,* 13 Wall. (80 U. S.) 397; *Rodman* v. *Pothier,* 264 U. S. 399 (44 Sup. Ct. 360); *In re Spangler,* 11 Mich. 298.

In *Tarble's Case* the chief justice dissented and stated:

"I have no doubt of the right of a State court to inquire into the jurisdiction of a Federal court upon *habeas corpus,* and to discharge when satisfied that the petitioner for the writ is restrained of liberty by the sentence of a court without jurisdiction."

This emphasized the holding in that case.

In *Williamson's Case,* 26 Pa. 9 (67 Am. Dec. 374), it was contended that the whole proceeding in the district court of the United States was *coram non judice,* null and void.

Mr. Justice Lowrie, in concurring in refusing the writ, stated:

"Is it meant to say that we must, on *habeas corpus,* inquire whether a court, legitimately established, has rightly decided the question of its jurisdiction. * * * If it is well founded, then it applies to all sorts of cases; for the question of jurisdiction is involved in them all; every judgment rendered is an assertion of the jurisdiction of the court that

renders it. If the allegation of want of jurisdiction entitles us to review it, then there are but few cases in the Federal courts that are beyond the interference of the State courts, if a defendant desires to have it.''

The whole of that case can be read with profit.

The petition states no case for issuance of the writ of *habeas corpus*. The statutes of this State and holdings of this court and of the United States supreme court forbid the writ in this instance.

The writ is denied.