*In re* DUNNING.

1. INCEST—INDICTMENT AND INFORMATION—QUESTION OF FACT—EVIDENCE.

    Under an·information specifically charging defendant with having committed offense of incest against his daughter, where jury convicted him of such charge it necessarily found defendant was the father of the girl involved, a disputed question of fact (Act No. 328, § 333, Pub. Acts 1931).

2. HABEAS CORPUS—QUESTIONS REVIEWABLE—INCEST—JURISDICTION.

    Petitioner for habeas corpus seeking discharge from custody after conviction and sentence for incest may not raise issue of paternity in such proceeding where he was alleged to have been the father of the girl against whom crime was committed and circuit court had jurisdiction of .defendant and of the crime charged (Act No. 328, § 333, Pub. Acts 1931).

3. SAME—SUPREME COURT—INCEST—QUESTION AS TO RELATIONSHIP WITH DEFENDANT.

    The issue of whether or not defendant charged with incest was the father of the girl against whom the crime was committed instead of stepfather as he claimed could have been asserted· at the trial or raised on a motion for a new trial but is not within the province of the Supreme Court in a habeas corpus proceeding (Act No. 328, § 333, Pub. Acts 1931).

4. SAME—APPEAL AND ERROR.

    Habeas corpus proceedings and the ancillary writ of certiorari are not a substitute for writ of error or appeal.

Habeas corpus to inquire into detention of Archie Dunning by the warden of State Prison of Southern

* Continued from Vol. 309.

Michigan, and ancillary certiorari to Arenac circuit court. Submitted October 4, 1944. (Calendar No. 42,740.) Writ dismissed November 30, 1944.

*Archie Dunning, in pro. per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

BOYLES, J. On petition of the plaintiff herein we granted the writ of habeas corpus to inquire into the legality of his detention in the State prison of Southern Michigan in Jackson county, with ancillary writ of certiorari to the circuit court for Arenac county to certify the proceedings had in that court resulting in such detention. Returns have been made and not traversed.

From the return of the warden of the State prison it appears that petitioner is detained by virtue of a commitment from the circuit court for Arenac county following his conviction by jury of the crime of incest. On March 12, 1943, he was sentenced to confinement in said prison for not less than 7½ nor more than 10 years. The return of the circuit judge to the writ of certiorari shows that on October 17, 1942, justice's return on examination in the case of the People v. Archie Dunning was filed in circuit court, that an information was duly filed, the defendant was arraigned and pleaded not guilty, that the defendant was tried before a jury and found guilty, was sentenced to State prison as above stated, and that a motion for vacation of the sentence and discharge from custody was filed by the defendant and denied on hearing. Copies of all of these proceedings in circuit court are included in the return to the writ of certiorari.

The information charges petitioner with having had carnal knowledge of, and fornication with, one Sylvia Dunning, a female under the age of 18 years. The case was submitted to the jury on the third count in the information, which charged that the defendant "in his home at the township of Deep River, Arenac county, Michigan, feloniously did commit fornication with one Sylvia Dunning, by then and there having carnal knowledge of the body of Sylvia Dunning, the said Sylvia Dunning, and the said Archie Dunning being then and there within the degree of consanguinity with each other, within which marriages are prohibited and declared by the laws of this State to be incestuous, in that the said Archie Dunning was then and there the father of the said Sylvia Dunning."

Petitioner claims his detention is unlawful in that the statute at the time the alleged offense was committed did not declare incest to be a crime where the relationship between the parties was merely by affinity and not by consanguinity or blood relationship; and that forasmuch as Sylvia Dunning was only his stepchild, a child already born of the woman who subsequently became married to him, he did not commit any crime known to the laws of the State.

The offense was alleged to have been committed at divers times in 1941 and 1942. The statute in effect at that time (prior to amendment by Act No. 19, Pub. Acts 1943 [Comp. Laws Supp. 1943, § 17115-333, Stat. Ann. 1944 Cum. Supp. § 28.565]) was section 333 of the penal code (Act No. 328, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-333, Stat. Ann. § 28.565]) and was as follows:

"Any person who is within the degree of consanguinity with another within which marriages are prohibited or declared by law to be incestuous and void, and shall marry such other person, or shall

commit adultery or fornication with such other person, shall be guilty of a felony, punishable by imprisonment in the State prison for not more than ten years."

Petitioner relies on our recent decision (prior to the 1943 amendment) in *Re Bourne,* 300 Mich. 398. In that case, on habeas corpus, we discharged Bourne from custody after conviction and sentence for incest *charged in the information* to have been committed against his stepdaughter, naming her as such. In that case the information charged Bourne with having had incestuous relationship with one Hazel Marsh, "being then and there, the stepdaughter of him," the defendant.

The essential difference between the *Bourne Case* and the case at bar lies in the fact that Bourne was charged with, convicted and sentenced for an offense expressly charged in the information as having been committed against his *stepdaughter;* while in the case at bar the defendant was expressly charged with having committed the offense against his daughter. In the instant case the information alleged that Archie Dunning was then and there the father of said Sylvia Dunning. The question of fact— whether he was the father of Sylvia Dunning—was necessarily decided by the jury. There was testimony that the defendant had admitted that Sylvia was his daughter. The defense was—not that Sylvia was not his daughter—but that the defendant had never had sexual relations with her.

In support of his petition for discharge from custody by habeas corpus proceedings the petitioner attaches copy of an affidavit made by his wife, Helen Vroman, stating that Sylvia was born on or about September 15, 1924, that she (Helen) was not married at that time, that the father of the child was one

Esra Dutcher, and that she later married the petitioner October 2, 1924. Attached also to his petition is a certified copy of the record of the illegitimate birth of Sylvia, recorded, October 4, 1924 (after the marriage), giving the date of her birth as August 30, 1924, and giving the name of Sylvia's father to be *Archie Dunning*. The marriage between Helen Vroman and petitioner occurred October 2, 1924.

In the instant case the defendant was charged in the information as being the father of Sylvia. This is essentially different from the information laid in the *Bourne Case, supra,* where the defendant was expressly charged as being the stepfather. If the information had alleged that Dunning was the stepfather of Sylvia, he would be discharged in the present proceeding, in accord with the *Bourne Case.* But in his own case the possibility remains that he might be Sylvia's father, although he did not marry the mother of this illegitimate child until after the child was born.

Petitioner has not asked the trial court to grant leave to file a motion for a new trial. The motion filed in the circuit court was for leave to file a ''delayed motion for an order vacating judgment and sentence and discharging defendant from further custody.'' In the court below, and again here, the only relief sought by petitioner is his discharge from custody. The circuit court had jurisdiction of the defendant, and a crime was charged in the information of which the circuit court had jurisdiction. If the facts now claimed by petitioner had been asserted at the trial, or raised on a motion for a new trial, an issue would have been raised as to whether he was the father of Sylvia Dunning. It is beyond our province to determine whether Dunning was Sylvia's father, in a habeas corpus proceeding. The

law is well settled that habeas corpus proceedings and the ancillary writ of certiorari are not a substitute for writ of error or appeal.

The writ is dismissed.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, SHARPE, and REID, JJ., concurred.