PEOPLE v. TERPENING

1. HOMICIDE—JUVENILE DEFENDANT—JURISDICTION OF PROBATE COURT —WAIVER.

Jurisdiction of probate court over 16-year-old defendant accused of murder *held*, properly waived where the prosecutor moved for a waiver of jurisdiction, and defendant's parents were notified, waived further notice, and consented to the granting of prosecutor's motion (CL 1948, § 712A.4).

2. HOMICIDE—JUVENILE DEFENDANT—JURISDICTION OF PROBATE COURT —WAIVER.

Failure of probate court order waiving jurisdiction over 16-year-old defendant accused of murder to specify the crime charged

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 31 Am Jur, Juvenile Courts and Delinquent, Dependent and Neglected Children § 22 *et seq.*
Homicide by juvenile as within jurisdiction of a juvenile court. 48 ALR2d 663.
[3] 31 Am Jur, Juvenile Courts and Delinquent, Dependent and Neglected Children § 58.

*held,* not to invalidate the waiver when the waiver stated that it was in reference to the felony with which defendant was presently charged and defendant had only been charged with one felony.

3. HOMICIDE—JUVENILE DEFENDANT—PROBATE COURT—DUE PROCESS —ASSISTANCE OF COUNSEL.

Failure in 1947 of probate court to advise juvenile defendant charged with murder and his parents of their right to be assisted by counsel at a hearing on waiver by the probate court of jurisdiction over defendant *held,* not a denial of due process of law when defendant was assisted by counsel at all proceedings in circuit court where the question of his guilt or innocence was put in issue.

4. HOMICIDE—JUVENILE DEFENDANT—JURISDICTION OF PROBATE COURT —WAIVER—DUE PROCESS.

Manner in which probate court hearing on waiver of jurisdiction over 16-year-old defendant accused of murder was conducted *held,* not a denial of due process warranting reversal of defendant's subsequent murder conviction in circuit court when there was no attack on the legality of the hearing for 20 years, there was a hearing of which both defendant and his parents had notice, and the language of the waiver order indicates that it was made after investigation.

Appeal from Lapeer, George W. Des Jardins, J. Submitted Division 2 January 10, 1969, at Lansing. (Docket No. 4,779.)    Decided February 25, 1969. Leave to appeal denied May 15, 1969.   See 382 Mich 753.

Oliver Terpening, Jr., was convicted on his plea of guilty of murder in the first degree.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael C. Dionise,* Prosecuting Attorney, for the people.

*Richard Clifford,* for defendant.

BEFORE: QUINN, P. J. and McGREGOR and V. J. BRENNAN, JJ.

QUINN, P. J. May 26, 1947, defendant shot and killed 4 children, Stanley Smith, Gladys Smith, Barbara Smith and Janet Smith. May 27, 1947, defendant was apprehended in Ohio and returned to the Michigan State Police post at East Lansing. The same day a complaint was executed by the sheriff of Lapeer county before a justice of the peace charging defendant with the murder of Barbara Smith. A warrant for the arrest of defendant on a charge of murder issued that same day.

At that time, defendant was 16 years of age. May 28, 1947, the prosecuting attorney petitioned the probate court for a waiver of jurisdiction. This was pursuant to PA 1944 (1st Ex Sess), No 54, as amended by PA 1946 (1st Ex Sess), No 22 (CL 1948, § 712A.4; Stat Ann 1962 Rev § 27.3178[598.4]). The petition alleged that defendant was in custody on a charge of murder, that defendant had confessed and was charged with the felony and that defendant was 16 years of age. The same day the probate court found a waiver should issue and the probate court waived jurisdiction of defendant. Defendant was not represented in probate court, nor does it appear that he was present in probate court. However, his parents executed a waiver of notice of hearing on the prosecuting attorney's petition, acknowledged due notice thereof and consented to the grant of such petition forthwith.

The same day defendant waived examination before the justice of the peace and was bound over to circuit court. May 29, 1947, counsel of defendant's choice was appointed for him and on May 31, 1947, with his counsel present, defendant gave an extensive statement in which he admitted the killings.

June 10, 1947, an information was filed charging defendant with murder, and he was arraigned that day. Before defendant was called upon to answer to the charge, the court appointed a sanity commission pursuant to PA 1931, No 317, § 27 (Stat Ann § 28.967), and set June 24, 1947 as the date for determining the sanity issue.

June 24, 1947, after an extensive hearing, the court found defendant sane and that he was sane when the crime was committed. Thereafter, defendant pleaded guilty, and a hearing was held to determine the degree of guilt, pursuant to PA 1931, No 328, § 318 (CL 1948, § 750.318; Stat Ann § 28.550). At the conclusion of this hearing, the court found defendant guilty of murder in the first degree and sentenced him to life imprisonment.

By leave granted April 9, 1968, defendant appeals. He raises 4 issues in the appeal, all of which relate to the proceedings in probate court, and none of which raises a question to the established fact that defendant shot and killed Barbara Smith, her 2 sisters and her brother.

The first error asserted by defendant is that the probate court never acquired jurisdiction over defendant, and it could not legally waive jurisdiction. Defendant argues there was no petition filed to give the probate court jurisdiction. No such petition was required. CL 1948, § 712A.4, *supra*, was in force at the time. It provided:

"In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate in the county wherein the offense is alleged to have been committed may, after investigation and examination, including notice to parents if address is known, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try

such child in the court having general criminal jurisdiction of such offense."

Defendant was 16 and accused of a felony. The prosecuting attorney moved for waiver of jurisdiction, and after notice, defendant's parents waived further notice and consented to the grant of the prosecuting attorney's motion. This is all the statute required and jurisdiction was properly waived.

*People* v. *Hoerle* (1966), 3 Mich App 693, is not authority for defendant's position that the order of waiver was defective because it failed to specify the crime with which defendant was charged. In *Hoerle,* the probate court jurisdiction was waived on a charge of second-degree murder. The minor defendant was charged in recorder's court with murder languishing. This Court held the latter charge to be one of first-degree murder, which was not proper under the waiver involved. Here, waiver was in reference to the felony with which "he (defendant) is now charged". This must be read in context with the record which established that the only felony with which defendant was then charged was murder.

Was the failure of the probate court to appoint counsel for defendant a denial of due process? *Kent* v. *United States* (1966), 383 US 541 (86 S Ct 1045, 16 L Ed 2d 84), does not answer this question because Kent had counsel. *In re Gault* (1967), 387 US 1 (87 S Ct 1428, 18 L Ed 2d 527), is inapposite because *Gault* involved a delinquency proceeding, a fact-finding process which might result in commitment. We do not doubt that since *Gault, supra,* compliance with the requirements of due process entails advising the juvenile and his parents of the juvenile's right to counsel at a waiver of jurisdiction hearing, affording an opportunity to obtain counsel and appointing counsel for the juvenile in case of indigency. We are not prepared to say that failure

to do so in 1947 on this record, which discloses full protection of defendant's rights at all stages of the proceedings during which the fact of his guilt and his legal responsibility therefor were determined, denied defendant due process. Failure to appoint counsel for defendant in probate court in no way infected the fact-finding process in circuit court. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

Finally defendant argues that the waiver hearing itself was conducted in such a manner as to deny him due process of law. If *Kent, supra,* is controlling and its broad doctrines are retroactive, defendant is correct.

We find several important facts in this case of Terpening that were not present in *Kent.* Here, no attack was made on the waiver proceedings before this appeal, over 20 years after the fact. In *Kent,* the attack was immediate and constant and Kent's attempt to contest the waiver was denied without a hearing. In Terpening, there was a hearing of which his parents had notice and they consented to the waiver. In *Kent,* no notice was given to the minor, his parents or his attorney. In *Kent,* the record discloses there was no investigation by the juvenile judge. In Terpening, the order read "it appears to the court that such a waiver should be issued". This language is indicative of investigation and examination by the judge of probate, as required by the statute, and we are not persuaded he failed to do what his oath and the statute required of him. *In re Valle* (1961), 364 Mich 471, 478. The foregoing leads us to conclude that *Kent* is not controlling in Terpening.

By its language, *Kent* is not made retroactive. We have not been cited to any later case announcing *Kent's* retroactivity, nor has our research disclosed

such a case. We hold the standards announced in *Stovall, supra,* for determining retroactive application of new doctrines preclude retroactive application of *Kent.* In any event, we decline to make *Kent* retroactive.

Affirmed.

All concurred.