PEOPLE v. PRICE

1. CRIMINAL LAW — JUVENILES — WAIVER PROCEEDINGS — RIGHT TO
   COUNSEL — RETROACTIVITY.

   A juvenile's right to counsel, retained or appointed, at a juvenile
   court hearing, as set forth in a decision of the United States
   Supreme Court, is not retroactive; consequently, presence of
   counsel for juvenile defendant was not required at a waiver
   of jurisdiction hearing held before the decision was announced
   (*In re Gault* [1967], 387 US 1).

2. APPEAL AND ERROR—CRIMINAL LAW—APPEAL BY PEOPLE—HABEAS
   CORPUS—SUPERINTENDING CONTROL—COURT RULES.

   Appellate review of a *habeas corpus* release may be available
   to the people under the superintending control powers of an
   appellate court over inferior tribunals even though review
   is not available to the people by appeal (GCR 1963, 711.4;
   MCLA § 770.12).

3. APPEAL AND ERROR—CRIMINAL LAW—JURISDICTION—RECORDER'S
   COURT—COURT RULES—SUPERINTENDING CONTROL.

   The Court of Appeals under its power of superintending con-
   trol may inquire into the jurisdiction of recorder's court to
   decide that *habeas corpus* was a proper and available method
   for review of defendant's claim that his larceny conviction
   in that court was void because he had lacked legal counsel
   at the juvenile court waiver of jurisdiction hearing (GCR
   1963, 711.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 310.
[1, 3, 7] 47 Am Jur 2d, Juvenile Courts and Delinquent and De-
pendent Children § 38.
[2, 3] 4 Am Jur 2d, Appeal and Error § 268.
39 Am Jur 2d, Habeas Corpus §§ 31, 168.
[3, 7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 62.
[4–7] 4 Am Jur 2d, Appeal and Error § 871.
[5–7] 39 Am Jur 2d, Habeas Corpus § 64.

4. Habeas Corpus—Scope of Review—Jurisdictional Defect—
   Void—Conviction—Criminal Law—Appeal and Error.

> The *habeas corpus* statute prohibits a convicted person from
> having the merits of his conviction reviewed by a *habeas
> corpus* proceeding; however, *habeas corpus* is available where
> the trial court was without jurisdiction to try him for the
> offense charged, thus rendering his conviction absolutely void
> (MCLA § 600.4310[3]).

5. Habeas Corpus—Recorder's Court—Jurisdiction.

> A Recorder's Court judge cannot review a conviction and sen-
> tence of a defendant by another Recorder's Court judge by
> way of *habeas corpus* (MCLA § 726.2).

6. Habeas Corpus—Criminal Law—Jurisdiction—Radical Defect.

> A radical defect in jurisdiction, which would allow a convicted
> defendant to use *habeas corpus* proceedings for review of his
> conviction, contemplates an act or omission by state authori-
> ties that clearly contravenes an express legal requirement in
> existence at the time of the act or omission.

7. Criminal Law—Juveniles—Waiver of Jurisdiction—Right to
   Counsel—Prospective Application.

> Absence of counsel for juvenile defendant at a waiver of juris-
> diction hearing conducted in a juvenile court before a decision
> of the United States Supreme Court relating to a juvenile's
> right to legal counsel in juvenile court proceedings, was not
> such a radical jurisdictional defect as to void defendant's
> conviction of larceny in Recorder's Court after waiver; con-
> sequently, Recorder's Court, having had jurisdiction to convict
> defendant, could not subsequently review his conviction by way
> of *habeas corpus* and the Court of Appeals, under its power
> of superintending control, could vacate defendant's release
> (GCR 1963, 711.4).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J.  Submitted Division 1 October
7, 1969, at Detroit.  (Docket No. 4,942.)  Decided
May 22, 1970.

William Price was convicted of larceny from the
person.  Defendant's motion for a new trial was
treated as a petition for writ of habeas corpus and

defendant was released. The people appeal by leave granted. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*James T. Lafferty* (Neighborhood Legal Service Center), for defendant on appeal.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. This is an appeal by leave and at the instance of the people from a *habeas corpus* release. Combined in the alternative with the appeal is an application for an order of superintending control. The defendant and petitioner below, William Price, is on personal bond pending the outcome.

The events preceding the release are summarized as follows:

In July, 1961, the defendant, then 16 years old, was charged with larceny from the person.[1] Jurisdiction was waived by the juvenile court and trial in the recorder's court of the city of Detroit in September, 1961, resulted in a verdict of guilty as charged. The defendant was sentenced to a term of one to ten years in Jackson prison, a term later enhanced by an escape conviction.

In the fall of 1967, while still an inmate of Jackson prison, the defendant filed a motion for new trial in the recorder's court, claiming among other things that his larceny conviction was void for the want of representation by counsel at the juvenile waiver

---

[1] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

hearing. *In re Gault* (1967), 387 US 1 (87 S Ct 1428; 18 L Ed 2d 527), decided in May, 1967, was said to require counsel's presence at such a hearing, even though *Gault* was limited on its facts to a delinquency proceeding. A hearing on the motion was held before recorder's court Judge George W. Crockett, Jr. on December 15, 1967. Agreeing that *Gault* was applicable to waiver hearings, the court ruled that *Gault* was retroactive, that the waiver of the juvenile court was invalid, and that the recorder's court consequently never acquired jurisdiction over the defendant to try him for larceny. Treating defendant's motion as a petition for writ of *habeas corpus,* Judge Crockett ordered the defendant's release.

The defendant's principal contention in opposition to this appeal is that review of a *habeas corpus* release is simply not open to the people. Before turning to this question, we note that under the present case law of this state, Judge Crockett was in error on the merits of the release. In *People* v. *Terpening* (1969), 16 Mich App 104, decided some 14 months after the defendant's release, this Court held that even if *Gault* is applicable to a juvenile waiver hearing, it is not retroactive as applied to such hearings, and therefore a waiver hearing conducted before *Gault* does not require the presence of counsel.

The defendant's principal contention is founded on both statute and case law. MCLA § 770.12 (Stat Ann 1954 Rev § 28.1109), enacted in derogation of the common-law rule barring any and all appeals by the people in criminal cases, permits review at the instance of the people by a writ of error (modernly, an appeal), but only under certain narrow circumstances. None of the circumstances enumerated in the statute are present here. *People* v. *Conant* (1886), 59 Mich 565, and *People* v. *Fairman* (1886),

59 Mich 568, also cited by defendant, are even more conclusively in his favor. They flatly hold that a writ of error from a *habeas corpus* release is not available to the people.

The people acknowledge these limitations on appellate review but contend that review is open under our broad power of superintending control, a power granted this Court to afford a remedy where one is otherwise unavailable. We feel, as various authorities have stated, that this is a broad power and can be used whenever this Court or the Supreme Court sees fit to properly use it; especially where it becomes necessary to "insure the harmonious working of our judicial system," quoting from Chief Justice DETHMERS' opinion in *In re Huff* (1958), 352 Mich 402, 417, 418. Continuing, the Court went on to say,

"The power of superintending control is an extraordinary power. It is hampered by no specific rules or means for its exercise. It is so general and comprehensive that its complete and full extent and use have practically hitherto not been fully and completely known and exemplified. It is unlimited, being bounded only by the exigencies which call for its exercise. As new instances of these occur, it will be found able to cope with them. Moreover, if required, the tribunals having authority to exercise it will, by virtue of it, possess the power to invent, frame, and formulate new and additional means, writs, and processes whereby it may be exerted. This power is not limited by forms or procedure or by the writ used for its exercise. Furthermore, it is directed primarily to inferior tribunals, and its relation to litigants is only incidental."

Also, see, generally, Committee Comment, GCR 1963, 711.1, 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 41.

We therefore inquire into the jurisdiction of the recorder's court to entertain a question on *habeas corpus* in the first place; that is, whether *habeas corpus* was a proper and available method for review of the error claimed by defendant. Our authority to entertain this question, along with our authority to exercise superintending control and order the vacation of the release order if *habeas corpus* is found to be an improper method of review, stems not only from *In re Huff, supra,* but also from *Hamilton's* case (1883), 51 Mich 174. In *Hamilton,* a defendant convicted and imprisoned by a justice of the peace for the failure to pay a liquor tax was released on *habeas corpus* by the Ionia circuit court. The record of conviction failed to show the commission of any offense, apparently because of technical errors. The Supreme Court granted a writ of *certiorari,* concluded that a *habeas corpus* was improper irrespective of whether error was committed by the justice of the peace, and vacated the order releasing the defendant. It was said in part (per COOLEY, J., at 175, 176):

"The discharge necessarily assumed that the record of conviction failed to show the commission of any offense. This conclusion was reached apparently upon a somewhat critical and technical examination of the commitment, and we are not satisfied that the criticism was not overnice. *But the point is not very material, as it is plain that technical defects are now reviewable on this process.*

"If the warrant showed a conviction without jurisdiction, *habeas corpus* would be the proper remedy; but when the defects are mere irregularities the party must seek redress in some of the modes provided by statute for review by some appellate tribunal. The circuit judge of the Ionia circuit is not an appellate tribunal in respect to proceedings which take place before justices of the peace of the county

of Schoolcraft, and in exercising authority by the writ of *habeas corpus* he is commissioner merely, and what he may do, the circuit court commissioner of the county may claim the right to do also. Nor would the authority be limited to convictions by justices of the peace, but the circuit court commissioner might in the same way assume to review the judgments and sentences of the circuit courts, and we might witness the spectacle of these inferior officers sitting as judges of review upon the action and judgments of courts of general jurisdiction. A sense of propriety might restrain such action, *but we cannot fail to perceive what possibilities are involved in sustaining this discharge. An appellate court may no doubt make use of the writ as one means of exercising its supervisory power, but it is not to be employed as a writ of error by tribunals not possessing the appellate authority.*" (Emphasis added.) See, also, *Ellis* v. *Daboll* (1892), 90 Mich 272, and *In re Brock* (1906), 144 Mich 43.

We now turn to the question whether *habeas corpus* was a proper method of review in the instant case.

Section 4310(3) of the *habeas corpus* statute[2] prohibits a *habeas* action by or on the behalf of "persons convicted, or in execution, upon legal process, civil or criminal." This statutory prohibition is generally consonant with often-repeated judicial declarations that *habeas corpus* cannot serve as a substitute for an appeal[3] and cannot be used to review the merits of a criminal conviction.[4] Despite the general prohibition, *habeas corpus* is open to a convicted person in one narrow instance, one that con-

---

[2] MCLA § 600.4301 *et seq.* (Stat Ann 1962 Rev § 27A.4301 *et seq.*).

[3] *In re Long* (1934), 266 Mich 369; *In re Abbott* (1934), 267 Mich 703; *In re Southard* (1941), 298 Mich 75; *In re Offill* (1940), 293 Mich 416.

[4] *In re Lemanna* (1933), 263 Mich 62; *In re Dunning* (1944), 310 Mich 1; *In re Kovacivich* (1948), 323 Mich 310; *In re Lewis* (1900), 124 Mich 199.

cerns us here, and that is where the convicting court was without jurisdiction to try the defendant for the crime in question. See *In re Joseph* (1919), 206 Mich 659; *People* v. *Harris* (1934), 266 Mich 317; *In re Joslin* (1952), 334 Mich 627. This exception, it must be added, is qualified by the requirement that the jurisdictional defect be radical. It must render the conviction absolutely void. *In re Palm* (1931), 255 Mich 632; *In re Gardner* (1932), 260 Mich 122; *In re Stone* (1940), 295 Mich 207.

The pivotal question thus becomes whether the error asserted by defendant—the denial of an alleged right to counsel at a juvenile waiver hearing—was such that for purposes of *habeas* review the recorder's court can be said to have been without jurisdiction to enter a conviction. We conclude that it cannot.

Further, we question the authority of the trial court here to review conviction and sentence of a defendant by another trial judge by way of *habeas corpus*. The Supreme Court in *In re Satt* (1911), 164 Mich 472, said that the writ of *habeas corpus* may not be used as a substitute for writ of error or to perform its functions. In *Recorder's Court Judge* v. *Wayne Circuit Judge* (1957), 347 Mich 567, the Supreme Court prevented a circuit judge from reviewing the disposition of a recorder's court judge in a certain matter, stating in effect that both courts have equal jurisdiction and one cannot review the other's final judgment. They granted in that case a writ of prohibition preventing the circuit judge from so doing. Further, the recorder's court rules prohibit this type of review. MCLA § 726.2 (Stat Ann 1962 Rev § 27.3552).

We point out that review was available. An appeal to this Court by leave could have been taken, as was done in *Terpening, supra*. More significantly,

the asserted defect in the convicting court's jurisdiction cannot be characterized as radical. A radical defect in jurisdiction contemplates, we think, an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission. If it were otherwise, *habeas corpus* in the trial courts of this state would open the way for the less than uniform resolution of unsettled questions of law, along with judicial abuses that are neither reported nor appealable. *Habeas corpus* in a trial court is a highly inappropriate device for the final resolution of such questions.

The defect or error asserted in the instant case did not contravene an express legal requirement in existence either at the time of the waiver hearing or at the time of the release. Indeed, in *Terpening* this Court expressly rejected the contention that the presence of counsel was required at pre-*Gault* waiver hearings. Thus, we conclude that for purposes of *habeas corpus* the recorder's court had jurisdiction to convict the defendant and that *habeas corpus,* after conviction and sentence, was consequently an improper method of review.

Since *habeas corpus* was an improper method of review, it is hereby ordered under our powers of superintending control, GCR 1963, 711.4(1), that the order of discharge be vacated and the defendant remanded to the custody of the Michigan Department of Corrections.

All concurred.