WAYNE COUNTY PROSECUTOR *v.*
RECORDER'S COURT JUDGE

1. CRIMINAL LAW—APPEAL AND ERROR—APPEAL BY PEOPLE.

The people may seek appellate review of criminal cases by leave granted and then only as limited and restricted by statute (MCLA § 770.12).

2. CRIMINAL LAW—APPEAL AND ERROR—APPEAL BY PEOPLE—SUPERINTENDING CONTROL.

The fact that the state may not appeal in a criminal case does not preclude the issuance of a writ of superintending control by an appellate court in favor of the state where an inferior tribunal is acting without jurisdiction or in excess of its jurisdiction.

3. CRIMINAL LAW—APPEAL AND ERROR—SUPERINTENDING CONTROL—JURISDICTION.

The Court of Appeals does not have jurisdiction to issue an order of superintending control to review an order of the trial court granting defendants' motions for leave to file delayed motions for a new trial and for discovery of certain jury commission records where the trial court had the jurisdiction to entertain the motions and grant the orders; therefore the people's application for an order of superintending control must be viewed as an appeal in the nature of *certiorari*, which is limited to review of questions of law, namely, whether the inferior tribunal had jurisdiction and whether it exceeded that jurisdiction.

4. CRIMINAL LAW — DELAYED APPEAL — JURISDICTION OF TRIAL COURT.

A trial judge has the authority to issue an order granting a criminal defendant's motions for leave to file a delayed motion for a new trial and for discovery of certain jury commission records.

REFERENCES FOR POINTS IN HEADNOTES
[1–3]  4 Am Jur 2d, Appeal and Error § 268.
[4]  39 Am Jur, New Trial § 6.

Original action in the Court of Appeals. (Docket Nos. 9,627 and 9,628.) Decided October 7, 1970.

Complaint in the Court of Appeals by the Wayne County Prosecutor against George Crockett, Jr., Recorder's Court Judge, for an order of superintending control to review the granting of a motion for leave to file a delayed motion for new trial and discovery of certain jury commission records in the case of Robert Mason. Complaint dismissed.

Complaint in the Court of Appeals by the Wayne County Prosecutor against George Crockett, Jr., Recorder's Court Judge, for an order of superintending control to review the granting of a motion for leave to file a delayed motion for new trial and discovery of certain jury commission records in the case of Eddie Rogers. Complaint dismissed.

*William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the plaintiff.

*Henrietta E. Rosenthal,* Judicial Assistant, for George Crockett, Jr., Judge of Recorder's Court.

*Neil H. Fink* and *Justin C. Ravitz,* for defendants Mason and Rogers.

Before: T. M. Burns, P. J., and Fitzgerald and Holbrook, JJ.

Per Curiam. The people seek an order of superintending control to review a May 28, 1970 order of the trial court in these causes which (1) granted defendants' motions for leave to file delayed motions

for new trial, and (2) granted motions for discovery of certain jury commission records. The people assert that we have jurisdiction to grant the relief requested, citing *People* v. *Price* (1970), 23 Mich App 663, decided May 22, 1970. The people have misread *Price.*

This appeal from the above-cited orders, not in the course of the common law, must be viewed as an appeal in the nature of *certiorari.* See *Jackson* v. *People* (1860), 9 Mich 111, 117, 118. *Certiorari* is one of the writs superseded by orders of superintending control, GCR 1963, 711.3, but the scope of our review by order of superintending control in circumstances such that *certiorari* previously would have issued is identical with the scope of our review by that common-law writ. Thus, our review in this case is confined to questions of law. *Scallen* v. *State Health Commissioner* (1965), 376 Mich 64, 71; *Drouillard* v. *City of Roseville* (1967), 9 Mich App 239, 243; *Indian Village Manor Co.* v. *Detroit* (1967), 5 Mich App 679, 685. The scope of review upon such an appeal "is limited to determining if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law". *In re Fredericks* (1938), 285 Mich 262, 267.

As stated in *Price,* 23 Mich App 663, 666, "MCLA § 770.12 (Stat Ann 1954 Rev § 28.1109), enacted in derogation of the common-law rule barring any and all appeals by the people in criminal cases, permits review at the instance of the people by a writ of error (modernly, an appeal), but only under certain narrow circumstances."

The fact that the state may not appeal in a criminal case does not preclude the issuance of a writ of *certiorari* (superintending control) by an appellate court in favor of the state in a criminal case to

determine whether an inferior tribunal is acting without jurisdiction, or in excess of jurisdiction. *People* v. *Price, supra.* See also, *State* v. *Coleman* (1937), 58 RI 6 (190 A 791, 109 ALR 787 [and annotation]).

Faced with the extraordinary fact situation presented in the *Price* case, this Court said (p 668): *"We therefore inquire into the jurisdiction* of the Recorder's Court to entertain a question on *habeas corpus* in the first place: that is, whether *habeas corpus* was a proper and available method for review of the error claimed by defendant".  (Emphasis supplied.)  The Court concluded (p 671):

"Thus, we conclude that for purposes of *habeas corpus* the Recorder's Court had *jurisdiction* to convict the defendant and that *habeas corpus,* after conviction and sentence, was consequently an improper method of review."  (Emphasis supplied.)

*Price* properly and narrowly holds that a trial judge cannot utilize the writ of *habeas corpus* in order to review the conviction of a defendant; or, put another way, a trial court judge, not being possessed of the power of appellate jurisdiction, cannot abuse legal process in order to vest him with such jurisdiction.

From this it can be seen that *Price* is merely another use of an ancient remedy, which may not be used by the people in the place of appeal.  It does not, as argued by the people, call upon the Court of Appeals to exercise a general power of superintending control in the entire area left uncovered and precluded by statute.

As early as 1930, a unanimous Supreme Court stated in *People* v. *Ballots,* 252 Mich 282, that without statutory authorization the people cannot review criminal cases.  This precedent has never been reversed.

Additionally, the Michigan Legislature has refused to extend the present scope of review allowed to the people, despite the recent introduction of several bills to broaden appeals by the people.

We wish to repeat so that all may hear, that appeals by the people require leave and are restricted by and limited to the provisions of CL 1948, § 770.12 (Stat Ann 1954 Rev § 28.1109). See *City of Portage* v. *Timmerman* (1968), 11 Mich App 498; *People* v. *Harry James Smith* (1969), 16 Mich App 606; *People* v. *Abess* (1969), 17 Mich App 617; *People* v. *Price* (1970), 23 Mich App 663.

In these two cases the complaints for superintending control reveal that Robert Mason was regularly convicted by a Recorder's Court jury, Judge John P. O'Hara presiding, of burning a dwelling house, and that Eddie Rogers was convicted by a Recorder's Court jury and sentenced by Recorder's Court Judge George W. Crockett, Jr., and that Judge Crockett is the successor judge to Judge O'Hara. They further reveal that both Mason and Rogers have had delayed motions for new trial denied by Judge Crockett. Judge Crockett undoubtedly had and has jurisdiction to proceed in these matters. The only questions for our consideration, then, are whether or not in granting these orders for leave to file delayed motions for new trial and for discovery of jury commission records Judge Crockett exceeded that jurisdiction and whether he proceeded in accordance with the law.

We think that it is clearly within the authority of a trial judge to grant such orders, and that the people in their complaints for superintending control, briefs in support, and motions for emergency consideration, do not really argue that such orders constitute a total abuse of discretion. Rather, they argue the ultimate, but at this point in the proceed-

ing irrelevant, question, whether the defendant waived any challenge to the array of the jury panel before the jury was sworn. It will be time enough to consider this question when it is properly presented to the Court in a proper appeal.

The complaint for superintending control is treated as an application for leave to appeal, and is dismissed for lack of jurisdiction.