WAYNE COUNTY PROSECUTOR *v.*
WAYNE COUNTY CIRCUIT JUDGE
*In re* SPALTER

1. Criminal Law—Appeal by People—Statutes.
Appeals by the people require leave to appeal and are restricted and limited by the provisions of statute (MCLA § 770.12).

2. Criminal Law—Appeal and Error—Superintending Control.
The people's application for an order of superintending control which argues that a decision of the trial court in admitting to bail a person convicted of contempt for refusing to answer questions before a grand jury was "clearly erroneous" and constituted such an abuse of discretion as to amount to failure to perform a clear legal duty does not raise the issues required to seek an order of superintending control, and the Court of Appeals must dismiss it for lack of jurisdiction.

Original action in the Court of Appeals. (Docket No. 10,155.) Decided October 7, 1970. Leave to appeal denied November 9, 1970. 384 Mich 775.

Complaint in the Court of Appeals by the Wayne County Prosecutor against Nathan J. Kaufman, Wayne Circuit Judge, for an order of superintending control to review the admission to bail of Louis Spalter. Complaint dismissed.

*William L. Cahalan,* Prosecuting Attorney, and *Dominick R. Carnovale,* Chief, Appellate Department, for plaintiff.

*Kent B. Willis,* for Louis Spalter.

*Nathan J. Kaufman,* Wayne Circuit Judge, *in propria persona.*

Reference for Points in Headnotes
[1, 2] 4 Am Jur 2d, Appeal and Error § 268.

Before: FITZGERALD, P. J., and HOLBROOK and
T. M. BURNS, JJ.

PER CURIAM. The people seek an order of superintending control to review orders of August 17, 1970, and August 21, 1970, admitting one Louis Spalter to bail in Wayne County Circuit Court Misc. No. 96029, entitled "In the Matter of the Witness, Louis Spalter." Mr. Spalter, a resident of St. Petersburg, Florida, was found to be in contempt of court for his refusal to answer questions before the Wayne County Citizens Grand Jury after being served with a valid order granting him immunity. He was sentenced, on both occasions, to serve six months imprisonment in the Detroit House of Correction, or until he purged himself of contempt.

Appeals by the people require leave and are restricted by and limited to the provisions of CL 1948 § 770.12 (Stat Ann 1954 § 28.1109). *People v. Price* (1970), 23 Mich App 663; *Wayne County Prosecutor v. Recorder's Court Judge* (1970), 27 Mich App 251; *People v. Abess* (1969), 17 Mich App 617; *People v. Harry James Smith* (1969), 16 Mich App 606; *City of Portage v. Timmerman* (1968), 11 Mich App 498; *People v. Ballots* (1930), 252 Mich 282. The fact that the State may not appeal in a criminal case does not preclude the issuance of a writ of superintending control by this Court in favor of the State in a criminal case to determine whether a lower court is acting without jurisdiction, or in excess of jurisdiction. *People v. Recorder's Court Judge* (1970), 23 Mich App 126; *People v. Price* (1970), 23 Mich App 663. See also *State v. Coleman* (1937), 58 RI 6 (190 A 791, 109 ALR 787 [and annotation]). The complaint for superintending control and the brief in support filed by the people do not contend that defendant circuit

judge lacked jurisdiction in admitting Mr. Spalter to bail, or that he acted in excess of his jurisdiction in so ordering. Rather, the people seek a review of these orders on the ground that the decision to grant bail "was clearly erroneous." They contend further that his decision to grant bail "was such an abuse of discretion as to amount to a failure to perform a clear legal duty." An application for bail after conviction may be addressed initially either to the trial court or to this Court. *People* v. *Giacalone* (1969), 16 Mich App 352, 355. The exercise of discretion by a trial judge in a case properly before him in granting bail pending appeal may not be appealed by the people. See *People* v. *Price* (1970), 23 Mich App 663; *Wayne County Prosecutor* v. *Recorder's Court Judge, supra.* This Court being without jurisdiction, the complaint for superintending control is dismissed.