*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARNELL JONES,

　　　　　Petitioner-Appellant,

v

CHIPPEWA CIRCUIT COURT JUDGE, GENESEE COUNTY PROSECUTOR, KINROSS CORRECTIONAL FACILITY WARDEN, DIRECTOR OF DEPARTMENT OF CORRECTIONS, DETECTIVE JEFF HOOPER, and DEPARTMENT OF CORRECTIONS,

　　　　　Respondents-Appellees.

FOR PUBLICATION
June 08, 2026
10:28 AM

No. 374352
Chippewa Circuit Court
LC No. 24-017899-AH

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

YOUNG, P.J.

Petitioner, Darnell Jones, appeals as of right the circuit court's order denying his petition for a writ of habeas corpus. Petitioner contends that he was entitled to a writ of habeas corpus because, in his underlying criminal prosecution, he was not afforded a probable cause conference, which deprived the court of jurisdiction. We disagree and affirm.

## I. FACTS

In November 2015, petitioner was arrested and charged with armed robbery, MCL 750.529; first-degree home invasion, MCL 750.110; and possession of a firearm during the commission of a felony, MCL 750.227b. The following month, he was arraigned in the district court. The district court appointed counsel for petitioner and scheduled a probable cause conference for December 10, 2015, to be followed by a preliminary examination on December 17, 2015. The record does not clearly indicate whether the probable cause conference was held as planned, but petitioner maintains that it was not. However, the record does indicate that on December 17, 2015, the preliminary examination was adjourned until December 23. Following the December 23 preliminary examination, petitioner was bound over to the Monroe Circuit Court.

-1-

On May 6, 2016, petitioner pleaded *nolo contendere* to armed robbery in violation of MCL 750.529 in Monroe County and was sentenced to serve 270 to 600 months in prison.

Several years later, in August 2024, petitioner filed a petition for a writ of habeas corpus pursuant to MCR 3.303 in the Chippewa Circuit Court, seeking relief from his continued incarceration. Petitioner asserted that he did not receive a pretrial probable cause conference as part of his criminal proceedings, that the trial court never properly acquired operational jurisdiction, and consequently his conviction and sentence were invalid. The parties filed cross-motions for summary disposition, and, after a hearing on the motions in December 2024, the trial court issued a written opinion and order granting summary disposition for respondents and dismissing the petition. The trial court determined that the petition was being improperly used as a writ of error and that the correct way to litigate petitioner's issue was through appellate proceedings. The trial court additionally held that once petitioner was bound over for trial, the circuit court properly obtained jurisdiction over the case. Finally, the court concluded that, because a probable cause conference may be waived, a court's continuing jurisdiction did not require a probable conference to be held, and that defects in that regard are not jurisdictional in nature. This appeal followed.

## II. HABEAS CORPUS

Petitioner asserts that he was deprived of a specific legal right to a probable cause conference, and, as a result, the circuit court lacked jurisdiction over his criminal case. We disagree.

Questions of law are reviewed de novo on appeal. See *People v LeBlanc*, 465 Mich 575, 579, 640 NW2d 246 (2002). This includes the interpretation of statutes and court rules that establish jurisdiction. See *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

In Michigan, petitions for writs of habeas corpus are governed by MCR 3.303 and Chapter 43 of the Revised Judicature Act,[1] specifically, MCL 600.4301 through MCL 600.4379. An action for habeas corpus may be brought by, or on behalf of, any person restrained of his or her liberty, MCL 600.4301; MCL 600 4307, except for those described in § 4310, Subsection (3), which excludes "[p]ersons convicted, or in execution, upon legal process, civil or criminal." Traditionally, this statutory prohibition has been interpreted to be a declaration that "habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction." *People v Price*, 23 Mich App 663, 669-670; 179 NW2d 177 (1970) (citations omitted). Nevertheless, the writ is available to a convicted person "where the convicting court was without jurisdiction to try the defendant for the crime in question." *Id*. at 670. However, to "render the conviction absolutely void," the jurisdictional defect must be "radical." *Id*.

MCL 766.4(1) states that "the magistrate before whom any person is arraigned on a charge of having committed a felony shall set a date for a probable cause conference to be held not less than 7 days or more than 14 days after the date of the arraignment," but, under MCL 766.4(2),

---

[1] MCL 600.101 *et seq*.

"[t]he probable cause conference may be waived by agreement between the prosecuting attorney and the attorney for the defendant." Similarly, MCR 6.108(A) provides that both the state and the defendant are entitled to a probable cause conference "unless waived by both parties."

Although the parties debate whether a probable cause conference was actually held, that question does not need to be answered to resolve this appeal. Even if no probable cause conference was held, petitioner has not established that the failure to do so created any jurisdictional defects. Although he suggests that a probable cause conference was necessary to preserve his constitutional rights, petitioner has not supported his assertions with any legal authority. See *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013) (stating that an appellant may not simply "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments").

Further, we consider it instructive that "the lack of a preliminary examination [does] not strip [a] circuit court of its subject-matter jurisdiction." *People v Robinson*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket No. 167595); slip op at 8. That is because, "[i]n Michigan, the preliminary examination is solely a creation of the Legislature—it is a statutory right," and "[t]here is no federal constitutional right to a preliminary examination or hearing." *People v Johnson*, 427 Mich 98, 103; 398 NW2d 219 (1986) (footnote omitted), citing *Gerstein v Pugh*, 420 US 103, 95 S Ct 854, 43 L Ed 2d 54 (1975). Although a judicial determination of probable cause is a prerequisite to keeping a suspect incarcerated following an arrest, neither a preliminary examination nor a probable cause conference is constitutionally required.

MCR 6.108 gives no indication that its violation deprives a court of its prerogative to exercise jurisdiction. As the trial court noted in this case, a lack of subject-matter jurisdiction may not be waived. See, e.g., *Winters v Dalton*, 207 Mich App 76, 79; 523 NW2d 636 (1994). Because MCR 6.108 expressly permits the waiver of a probable cause conference, it stands to reason that a violation of that rule does not create a jurisdictional defect. See *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (explaining that subject-matter jurisdiction "concerns a court's abstract power to try a case of the kind or character of the one pending" and that "[b]ecause it concerns the court's power to hear a case, it is not subject to waiver") (quotation marks and citation omitted). We are not persuaded that the failure to provide a probable cause conference deprives the court of its continuing operational jurisdiction.

Petitioner's failure to establish a jurisdictional defect in the first instance defeats his attempt to delegitimize the magistrate's return and the subsequent proceedings in the circuit court. "Once a preliminary examination is held and the defendant is bound over on any charge, the circuit court obtains jurisdiction over the defendant." *People v Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008), citing *People v Goecke*, 457 Mich 442, 458-459; 579 NW2d 868 (1998).

In sum, assuming for the sake of argument that no probable cause conference was held, the absence of a probable cause conference does not deprive the district court of its continuing jurisdiction over the case. Relatedly, the absence of a probable cause conference does not affect the jurisdiction of the circuit court once a defendant has been bound over for trial. See *People v Stanley*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2025 (Docket No. 366735), p 9-10 (similarly rejecting the argument that the failure to hold a probable cause

hearing strips a trial court of subject-matter jurisdiction).[2]  For these reasons, we affirm the trial court's dismissal of the petition for a writ of habeas corpus on those grounds.[3]

Affirmed.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock

---

[2] Although unpublished opinions are not binding on this Court, they may nonetheless be considered for their persuasive value.  *People v Otto*, 348 Mich App 221, 263 n 11; 18 NW3d 336 (2023).

[3] Petitioner maintains that the trial court mischaracterized his petition for a writ of habeas corpus as a writ of error rather than a jurisdictional challenge to his continued incarceration.  Regardless of how the trial court labeled petitioner's claim, the trial court correctly found that the jurisdictional challenge within petitioner's writ lacked merit and therefore did not err.