CARRAS v. BUNGALOW SANDWICH SHOPPE CO.

1. APPEAL AND ERROR—DELAYED APPEAL—"CULPABLE NEGLIGENCE" —COURT RULES.

Where garnishee defendant's failure to appeal from default judgment in common pleas court was due solely to attorney's negligence, it was not guilty of "culpable negligence" under Court Rule No. 57, § 2, denying right to delayed appeal.

2. SAME—ATTORNEY AND CLIENT—NEGLIGENT ATTORNEY SHOULD BE REQUIRED TO TESTIFY.

Where motion for delayed appeal is based solely on attorney's negligence, attorney should be required to testify on hearing, in order that court may not be imposed upon, and that attorneys who disregard their duties may be disciplined.

Appeal from Wayne; Chenot (James E.), J. Submitted January 8, 1932. (Docket No. 83, Calendar No. 36,036.) Decided March 2, 1932.

Garnishment proceedings in common pleas court by Gus D. Carras against Bungalow Sandwich Shoppe Company, a Michigan corporation, gar-

nishee defendant. On motion by garnishee defendant for special leave to appeal to circuit court. Motion dismissed. Garnishee defendant appeals. Reversed.

*Kerr, Lacey & Scroggie* (*John Ferguson,* of counsel), for plaintiff.

*Max Kahn* (*L. V. Pylkas,* of counsel), for garnishee defendant.

Fead, J. This is review of denial of defendant's motion for special leave to appeal to circuit court from a judgment against it in common pleas court.

The showing was that defendant was served with garnishee summons, denied liability to the principal defendant, employed an attorney-at-law to represent it, relied on him to do so, the attorney failed to file disclosure until two days after judgment, judgment was taken against defendant for failure to file a disclosure, and defendant did not know that a judgment had been rendered against it until an officer appeared with an execution some five weeks after its rendition.

The question is whether, under Court Rule No. 57, § 2, a party is guilty of "culpable negligence" where he intrusts his case to an attorney, relies on him, and the negligence is solely that of the attorney. For reasons which are sufficiently set up in *Frank* v. *Union Trust Co.,* 239 Mich. 646, the answer is in the negative.

The order denying leave to appeal will be set aside and leave granted, but without costs.

We think the circuit judge should summons the attorney retained by defendant for investigation of his claimed negligence. In future cases of this sort,

we suggest it would be good practice to require an attorney so charged with negligence to testify on the hearing of the motion for delayed appeal, in order that the court may not be imposed upon, and that attorneys who disregard their duties may be disciplined.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and BUTZEL, JJ., concurred with FEAD, J. WIEST, J., concurred in the result.