*In re* GARDNER.

1. HABEAS CORPUS—APPEAL AND ERROR—QUESTIONS REVIEWABLE.
   Questions reviewable by writ of error may not be reviewed in *habeas corpus* proceeding.

2. SAME—JUDGMENT.
   In *habeas corpus* proceeding, court deals only with radical defects rendering proceeding or judgment absolutely void.

3. SAME—CERTIORARI.
   In *habeas corpus* proceeding, writ of certiorari is ancillary merely, and used to supply material for intelligent decision of alleged radical defects in judgment.

4. CRIMINAL LAW—HABITUAL CRIMINAL—PLEA OF GUILTY RENDERED TRIAL UNNECESSARY.
   Where accused stood convicted of charge of breaking and entering, and prosecuting attorney filed information accusing him of several certain and specified previous convictions (3 Comp. Laws 1929, § 17341), to which accused pleaded guilty, no trial was necessary, and he was properly sentenced as third offender (3 Comp. Laws 1929, § 17339).

*Habeas corpus* proceedings by Robert Gardner, with accompanying certiorari to Joseph A. Moynihan, Wayne circuit judge, to obtain release from branch of State prison at Marquette. Submitted June 14, 1932. (Calendar No. 36,453.) Writs dismissed September 16, 1932.

*Robert Gardner, in pro. per.*

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

CLARK, C. J. This is *habeas corpus* and accompanying certiorari to inquire into the detention of peti-

As to pleas and admissions of habitual criminals, see annotation in 34 L. R. A. 405; 48 L. R. A. (N. S.) 206,

tioner, Robert Gardner, in the State penitentiary at Marquette, under sentence pronounced on October 7, 1930, of not less than 15 years nor more than 30 years. From the judgment petitioner took no appeal.

It is recognized that the judgment, not having been reviewed on error (3 Comp. Laws 1929, §§ 17357, 17358), petitioner may not present questions so reviewable. On *habeas corpus* we deal "only with radical defects rendering a proceeding or judgment absolutely void." *In re Palm*, 255 Mich. 632. The writ of certiorari is ancillary, merely, and used to supply material for intelligent decision of such alleged "radical defects."

It is urged that the trial court had no jurisdiction to sentence petitioner as an habitual criminal without giving him a trial therefor.

Defendant stood convicted of a charge of breaking and entering in the nighttime with intent to commit larceny (3 Comp. Laws 1929, § 16948). Thereupon, the prosecuting attorney, agreeable to 3 Comp. Laws 1929, § 17341, filed an information in the cause accusing petitioner of several certain and specified previous convictions. Brought to the bar of court to plead thereto, petitioner admitted the truth of the accusation, admitted his guilt thereof. He was sentenced accordingly as a third offender. 3 Comp. Laws 1929, § 17339.

Petitioner having pleaded guilty to the supplemental information, no trial thereon was required. We have examined the mass of matter, largely irrelevant, presented by petitioner as a brief, and find no other question meriting discussion.

Writs dismissed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.