*In re* KOVACIVICH.

1. INDICTMENT AND INFORMATION—AMENDMENT BEFORE TRIAL.
    Where information charging breaking and entering a garage in the nighttime with intent to commit the crime of burglary therein was amended before trial to change the word "burglary" to "larceny," and defendant's court-appointed counsel stated he had no objection thereto, there was no error, since defendant had full and sufficient notice of the crime for which he was tried and convicted.

2. HABEAS CORPUS—QUESTIONS REVIEWABLE.
    Alleged errors, that defendant had been assaulted by the night keeper of the jail, that threats were made to witnesses, that

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am. Jur., Indictments and Informations, § 121.
[2–4] 25 Am. Jur., Habeas Corpus, §§ 26, 28.
[2] 25 Am. Jur., Habeas Corpus, §§ 49, 50, 53.
[2] Effect of, and remedy for, infringement of right of accused to communicate with his attorney. 23 A.L.R. 1382; 54 A.L.R. 1225.
[2] Relief in habeas corpus for violation of accused's right to assistance of counsel. 146 A.L.R. 369.
[3, 4] Illegal or erroneous sentence as ground for habeas corpus. 76 A.L.R. 468.

persons friendly to the complaining witness were allowed to serve as jurors, that defendant was without counsel for a long period of time, and that verdict was against the great weight of the evidence cannot be corrected on writ of habeas corpus.

3. SAME—SCOPE OF FUNCTION.
   A writ of habeas corpus cannot be used to perform the functions of a writ of error.

4. SAME—QUESTIONS REVIEWABLE—JURISDICTION.
   Habeas corpus is not available to one who has been convicted of a crime by a court that has properly acquired jurisdiction and has not exceeded its powers.

Habeas corpus by Andrew Kovacivich to obtain his release from Michigan Branch Prison at Marquette together with ancillary certiorari to Crawford Circuit Court. Submitted November 1, 1948. (Calendar No. 44,170.) Writs dismissed December 17, 1948.

*Andrew Kovacivich, in pro. per.*

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Robert F. Neafie,* Prosecuting Attorney, for the people.

SHARPE, J. Petitioner, Andrew Kovacivich, hereinafter referred to as defendant, was convicted by a jury on May 20, 1947, of the crime of breaking and entering a garage in the nighttime with intent to commit the crime of larceny. He was sentenced to a term of 10 to 15 years.

The information and warrant as first issued charged defendant with breaking and entering on February 13, 1947, the garage of Alfred Hanson in Grayling, Michigan, in the nighttime with intent to commit the crime of burglary. Defendant was arraigned on April 17, 1947, at which time he pleaded not guilty and demanded counsel. He was there-

upon remanded to the custody of the sheriff to await trial. After examination in open court concerning defendant's financial ability, the court appointed Charles E. Moore, an attorney of Grayling, to represent him. On May 14, 1947, the prosecuting attorney of Crawford county made a motion in the circuit court asking leave to file an amended information wherein the word "larceny" would be substituted for the word "burglary." The court asked defendant's counsel if he had any objections to the change made in the information and counsel replied that he had none. The motion was granted by the trial court and the amended information was read into the record and to the defendant who thereupon stood mute and a plea of not guilty was entered in his behalf.

The trial proceeded and the prosecuting attorney introduced testimony to the effect that on the early morning of February 13th, between 12:30 and 2:30, the "Hanson" garage in Grayling was forcibly entered, the money till ransacked, the safe opened and approximately $3,500 taken; that on February 15th, defendant and wife were arrested in Saginaw and returned to Grayling the following day and remained in the custody of the sheriff; that on the afternoon of February 11th, one Betty Brown came to Grayling with Charles Gilman and his girl friend, Andy Kovacivich and wife, Arlene, and Herb Maturen; that a little after 2 a.m., on the morning of February 13th, Betty Brown and Herb Maturen went to the tourist rooms where the rest of the group was staying and at that time Gilman and Kovacivich were not there; that after waiting about 20 minutes Gilman and Kovacivich came in and the group proceeded to get ready to leave for home in Saginaw; that Andy Kovacivich registered at a tourist home in Grayling between 10 and 10:30 p.m., on the evening of February 11th; that he rented two

rooms and was accompanied by his wife and another couple with a little girl; that on the morning of February 14th, the rooms were empty and a number of pages of the registration book were torn out; that when Gilman returned to the tourist rooms he had a black smudge on his face; that before the group left the rooms, Mrs. Kovacivich had a pocketbook "crammed full of bills" and all left the rooms about 2:45 a.m.; that Gilman had little, if any, money when he went to Grayling and on the trip home Gilman had money in his pocketbook; that Kovacivich remarked that they broke into the gasoline station where Betty Brown's brother worked; that Kovacivich broke the window in the garage; that Kovacivich and Gilman went into the garage, rifled the cash register, knocked the door off of the safe with a sledge hammer and took the money out of the safe and divided it between Kovacivich and Gilman; and that later Gilman went to Spokane, Washington, and was picked up there and returned to Grayling.

It also appears that when defendant was brought into court for sentence, he admitted participating in the breaking and entering of the garage in question. Subsequently, defendant filed a motion for leave to file a motion for a new trial in which he alleged that he was not tried or sentenced on the information contained in the criminal warrant; that he has discovered new evidence since the date of the trial; that duress and threats were used by the arresting officers and the prosecuting attorney to obtain testimony against him; that testimony was taken from the wife of defendant to be used against the defendant; that he was beaten by the night keeper of the jail for the purpose of obtaining a confession from him; that he was held incommunicado for a period of 11 days; and that for a period of 84 days he was without the advice of counsel.

The trial court denied the motion and at a later date defendant filed a petition for a writ of habeas corpus in this Court in which the same reasons are advanced as were stated in the motion for leave to file a motion for a new trial.

Defendant urges that the trial court had no authority to alter or change an information unless it be to charge a crime of a lesser nature. In the case at bar, the record shows that defendant was charged with "unlawfully and feloniously in the nighttime, * * * with force," breaking and entering "the garage of Alfred Hanson * * * in the city of Grayling * * * with intent to commit a felony therein, to-wit, with intent to commit the crime of burglary." Defendant had a preliminary examination before a justice of the peace and was bound over for trial to the circuit court. It also appears that shortly before the cause came on for trial the prosecuting attorney filed a motion to change the word "burglary" in the information to "larceny." The court granted the motion and defendant was rearraigned; and having stood mute, a plea of not guilty was entered in his behalf. Defendant's counsel, when asked by the court, stated that he had no objections to the amendment to the information and was ready for trial.

In *People* v. *Calvin,* 60 Mich. 113, defendant was charged with robbery. Before the trial ended the court instructed the jury that defendant could not be convicted of robbery, but if they found the evidence sufficient, could find defendant guilty of larceny from the person. Defendant was found guilty of larceny from the person. We there said:

"If the information or indictment, although defective in its averments as to a higher crime, contains a full description of a lesser offense of the same nature, the respondent cannot complain that he has

not had full and sufficient notice of the crime for which he is tried and convicted."

In the case at bar defendant had been fully informed that the offense for which he was put on trial was breaking into the garage and stealing money therefrom. We find no merit in defendant's claim pertaining to the information.

Defendant also urges that he was assaulted by the night keeper of the jail; that threats were made to witnesses; that persons friendly to the complaining witness were allowed to sit and serve as jurors in the cause; that he was without counsel for a long period of time. The attorney general has filed a brief in which he urges that the writ of habeas corpus cannot correct the errors claimed by defendant.

*In re Long,* 266 Mich. 369, we held that a writ of habeas corpus cannot be used to perform the functions of a writ of error. It is not available to determine whether a verdict is against the great weight of the evidence. *In re Van Dyke,* 276 Mich. 32. "Habeas corpus is not available to one who has been convicted of a crime by a court that has properly acquired jurisdiction and has not exceeded its powers. *In re Krusiewicz,* 263 Mich. 74.

The questions raised by defendant and not discussed in this opinion are questions that cannot be determined in habeas corpus proceedings. The writs are dismissed.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.