*In re* JOSLIN.

1. COURTS—SPECIAL TERMS—NONJURY CASES—CRIMINAL LAW.
   Statute providing for special terms of court to be held in counties of same circuit as county in which nonjury cases may be pending covers arraignments, acceptance of pleas and sentences upon pleas of guilty (CL 1948, § 691.231).

2. CRIMINAL LAW—SPECIAL TERM OF COURT—JURISDICTION—NONJURY CASE.
   Trial court, sitting in Chippewa county in a special session of the circuit court of Schoolcraft county, which 2 counties were part of a 4-county judicial circuit, had jurisdiction to arraign a 16-year-old boy, accused of robbery armed in Schoolcraft county, accept his plea of guilty and impose sentence, where it appears accused requested the special session of court and he was advised of his rights to appointment of counsel and jury trial, in view of statute authorizing holding of special terms of court for transaction of judicial business arising in another county of the same circuit but not involving determination by a jury (CL 1948, § 691.231).

3. HABEAS CORPUS—QUESTIONS REVIEWABLE—LEAVE TO FILE DELAYED MOTION TO VACATE PLEA OF GUILTY.
   The review of the denial of a motion for leave to file a delayed motion to vacate plea of guilty is not reviewable by habeas corpus, as such writ does not function as a writ of error.

Habeas corpus with ancillary certiorari to School-craft Circuit Judge by Benjamin J. Joslin to obtain release from State Prison of Southern Michigan. Submitted June 27, 1952. (Calendar No. 45,290.) Writ denied October 6, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[3] 25 Am Jur, Habeas Corpus § 28.

*George E. Wood,* for petitioner.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

Sharpe, J. Petitioner, Benjamin J. Joslin, seeks a writ of habeas corpus and ancillary certiorari to review his conviction on April 1, 1946, in the circuit court for the county of Schoolcraft, upon plea of guilty to an information charging robbery while armed. Penal code, § 529 (CL 1948, § 750.529 [Stat Ann § 28.797]).

It appears that on March 27, 1946, at about 10:30 p.m., petitioner was arrested in the city of Manistique, Schoolcraft county, on the charge of robbery armed. The following day a formal complaint was made by a member of the State Police. Petitioner was arraigned before the examining magistrate, waived examination, and was bound over for trial in the circuit court of Schoolcraft county, to be held in the city of Manistique, Schoolcraft county, on April 8, 1946.

On the same day the prosecuting attorney of Schoolcraft county filed a petition with the judge of probate of said county, and an order was entered upon said petition, by which the probate court waived jurisdiction in the cause. The petitioner was not present in the probate court at the time of the hearing on the petition of the prosecuting attorney. On April 1, 1946, petitioner was arraigned in the circuit court for the county of Chippewa, at the city of Sault Ste. Marie, on the information filed against him. Upon being arraigned petitioner pleaded guilty to the charge of robbery armed, and was sentenced to imprisonment. At the time petitioner pleaded guilty he was of the age of 16 years, and was not represented by counsel.

In August, 1950, petitioner filed a petition in the Supreme Court for a writ of habeas corpus and ancillary writ of certiorari.

The petition alleges that at the time of his conviction he was 16 years of age, was not represented by an attorney; that the trial court was without jurisdiction to proceed to a determination of the issues involved; that the circuit judge was prohibited from holding an arraignment in Chippewa county for a crime that may have been committed in Schoolcraft county; that petitioner was not afforded an opportunity for a preliminary examination before the examining magistrate in Schoolcraft county; that he was denied the right to have counsel, and that he was afforded "quick justice" in violation of the rule announced in *DeMeerleer* v. *Michigan,* 329 US 663 (67 S Ct 596, 91 L ed 584).

The journal entry of arraignment and sentence shows that the proceedings were held "at a special term of the circuit court in the city of Sault Ste. Marie, Chippewa county, Michigan," which, together with the counties of Alger, Luce, Schoolcraft and Chippewa, form the 11th judicial circuit of the State of Michigan.

CL 1948, § 691.231 (Stat Ann § 27.561), providing "for the holding of special terms of circuit courts in judicial circuits consisting of 3 or more counties," reads as follows:

"Special terms of circuit court; business and proceedings; records, filing.

"Sec. 1. Every term in any county is a special term for every other county in the same circuit. At any term in any county which is by law a special term for any other county or counties, all business may be done arising in such other county or counties which might be done at a term in the county where the business arose, except the trial of issues of fact by a jury in cases other than those arising in actions

of quo warranto and mandamus, and excepting also the trial of issues of fact in actions made local by law and arising in some county other than the one in which such special term is held. All orders, judgments, findings, proofs, testimony and other proceedings had or made at any such special term, being authenticated by the clerk of such court, shall be filed and entered of record in the office of the clerk of the circuit court in the county where the action or proceeding shall be pending; and no entries need be made in the office of the clerk of the circuit court of any other county."

The act in question is not a part of the judicature act, nor does it form a portion of the code of criminal procedure. Its provisions apply to both civil and criminal matters within its scope. In criminal matters it covers arraignments, acceptance of pleas, and sentence upon pleas of guilty, all of which could have occurred in Schoolcraft county. To that extent we hold the act constitutional. There is no question of venue in the case at bar, as the warrant was issued by a magistrate having jurisdiction within the county of Schoolcraft, preliminary examination was waived, and petitioner was bound over for trial. We also note that in his return to the ancillary writ of certiorari the circuit judge certified:

"The respondent in this case was arraigned at a special session of the circuit court for the county of Schoolcraft held at the city of Sault Ste. Marie, Michigan. This special session of court was held at the request of the defendant. Court was duly opened as a special term of circuit court for the county of Schoolcraft and all journal entries were made and signed as in a regular term of court. The defendant was advised as to all of his rights, declined the appointment of an attorney and a jury trial, freely admitted his guilt after both private and public questioning by me. His rights were safeguarded in every way. Before his plea of guilty was accepted, he was

advised of the nature and consequences of his plea, examination convinced me that his plea was made freely, voluntarily and understandingly without any undue influence, compulsion or duress and without promise of leniency."

Under such circumstances we hold that the trial court had jurisdiction to arraign petitioner, accept his plea, and impose sentence. ·

It also appears that petitioner filed a motion for leave to file a delayed motion to vacate his plea of guilty. An answer was filed by the prosecuting attorney of Schoolcraft county denying the allegations contained in said petition. It does not appear that a hearing was had on this petition. The motion was denied. The office of habeas corpus does not function as a writ of error. See *In re Offill,* 293 Mich 416; and *In re Kovacivich,* 323 Mich 310.

Petitioner has mistaken his remedy. He should have filed an application for leave to appeal from the trial court's denial of his motion to vacate sentence and a new trial. The granting of habeas corpus and ancillary certiorari in the case at bar is dependent upon the lack of jurisdiction of the trial court to arraign, accept a plea of guilty, and impose sentence upon petitioner. We hold adversely to petitioner on this issue, and the writ is dismissed.

DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.