PEOPLE *v.* ROGERS.

1. APPEAL AND ERROR—BRIEFS—ABANDONMENT OF QUESTIONS.
    Questions stated in brief but not briefed are considered abandoned.

2. CRIMINAL LAW—ARREST—SEARCH—REASONABLE CAUSE.
    Finding of defendant early in morning near scene of business broken and entered, lying neither asleep nor drunk, on seat of car in which 2 wallets were found, 1 belonging to defendant and the other belonging to a codefendant who was arrested in building which was broken into and entered *held*, sufficient facts to give rise to the reasonable cause required for a police officer to arrest without a warrant (CL 1948, § 750.110, as amended by PA 1964, No 133, § 764.15[d]).

3. SAME—STATEMENT BY CODEFENDANT.
    Admission of testimony by police officer that codefendant had stated that defendant was the other participant in breaking and entering of business place, repudiated at trial by codefendant, *held*, not reversible error, since defendant did not object to the statement when officer testified and the court instructed the jury that the statement was "not binding on" defendant (CL 1948, § 750.110, as amended by PA 1964, No 133).

4. SAME—BREAKING AND ENTERING—LARCENY—ACCESSORY AND PRINCIPAL.
    Charge of trial court in prosecution for breaking and entering a business place with intent to commit the crime of larceny therein that the intent of either defendant or his codefendant or both to commit the crime of larceny was an element of the offense *held*, not error in view of the statutory abolition of the distinction between accessory and principal (CL 1948, § 750-.110, as amended by PA 1964, No 133, § 767.39).

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 691–701.
[2] 5 Am Jur 2d, Arrest §§ 22, 24.
[3] 5 Am Jur 2d, Appeal and Error §§ 545, 807.
[4] 13 Am Jur 2d, Burglary § 69.

Appeal from Recorder's Court of Detroit; Scallen (John P.), J. Submitted Division 1 January 8, 1968, at Detroit. (Docket No. 1,757.) Decided March 27, 1968. Leave to appeal granted July 23, 1968. See 381 Mich 762.

Buford Rogers was convicted of breaking and entering a business place with intent to commit the crime of larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* for the people.

*Jesse E. Williams,* for defendant.

QUINN, P. J. December 10, 1965, defendant was found guilty by jury verdict of the offense of breaking and entering a business place with intent to commit the crime of larceny therein.* He was sentenced on the conviction and his appeal questions the legality of his arrest, receipt in evidence of statements by a codefendant, and the jury instructions by the trial judge. Defendant stated a fourth question in his brief but failed to brief it, and we consider it abandoned. *Mitcham* v. *City of Detroit* (1959), 355 Mich 182.

Early in the morning of August 24, 1965, Detroit police discovered that Witmer Packing Company, 2514 Perry street, Detroit, had been broken and entered. Further investigation disclosed codefendant Harrison hiding inside the building and 4 cartons of assorted meat, a fan and a radio on the floor near the door. Just prior to discovery of the

---

* CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

breaking and entering, the police had seen a man walking from the area, and there was testimony at trial that Harrison had stated another person was involved. Soon thereafter and about one-half block from the scene, police discovered defendant lying down in the front seat of a parked automobile with his head on the passenger side and his feet under the steering wheel. He was neither asleep nor drunk, and he got out of the car when requested to do so by the police. On the floor of the front seat, the police found 2 wallets, one belonging to defendant, the other to Harrison.

Defendant first argues that his arrest was illegal and, therefore, the search which produced the wallets was illegal and any reference to the wallets was reversibly erroneous. We could agree if defendant's first premise was correct, but on fairly similar facts, the Supreme Court in *People* v. *Williams* (1962), 368 Mich 494, held there was probable cause for the officers to believe a crime had been committed which warranted arrest and search. The facts before us are sufficient to give rise to the reasonable cause required by CL 1948, § 764.15(d) (Stat Ann 1954 Rev § 28.874[d]), and we hold the arrest and search complained of to be legal.

Next defendant claims the only evidence connecting him with the crime was the statement to the police by Harrison that Rogers was the other man; that this was repudiated by Harrison at trial and such statement never was binding on Rogers. Again defendant starts reasoning from a premise not supported by the record. The time of night, the location of the car Rogers was in, his location in the car, the 2 wallets, the meat, fan, and radio found on the floor near the door of the building burglarized are all items of evidence connecting Rogers with the crime, if unexplained, and he gave

no explanation. In view of the fact defendant did not object to the statement by Harrison and the court instructed the jury that the statement was not binding on defendant, we find no reversible error on this point.

Finally, defendant claims error in the charge of the court "the fifth essential element is that it was the defendants' intention, either one or both, to commit the crime of larceny". In view of the statutory abolition of the distinction between accessory and principal (see CL 1948, § 767.39 [Stat Ann 1954 Rev § 28.979]) we find no error and find the charge as a whole correct and fair.

Affirmed.

J. H. GILLIS and HOLBROOK, JJ., concurred.