PEOPLE *v.* McGOWN

APPEAL AND ERROR—BRIEFS—ISSUES—ABANDONMENT.
  Issues stated in a brief but not briefed are considered abandoned.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 October 7, 1969, at Lansing. (Docket No. 7,117.)   Decided October 28, 1969.

Larry Thomas McGown was convicted, on his plea of guilty, of breaking and entering an occupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Appellate Attorney, for the people.

*Walter J. Barkey,* for defendant.

Before: McGREGOR, P. J., and QUINN and BRONSON, JJ.

PER CURIAM.   Defendant, while represented by counsel, pled guilty to the charge of breaking and entering an occupied dwelling, contrary to CL 1948,

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 693 *et seq.*

§ 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305). He was subsequently sentenced to a term of 5 to 15 years' imprisonment. A timely claim of appeal was filed in this Court and grounded on three allegations of error. It is contended that the transcript fails to reveal a forceful breaking, a necessary element to the offense charged, and further, that each element of the crime must be demonstrated at the plea proceeding. The second contention of error is that the sentence, although set within the statutory limits, was too severe. The third error asserted is that the trial court erroneously relied upon some inaccurate information concerning defendant's prior criminal record at the sentence proceeding. The appellee has filed a motion to affirm the conviction and sentence.

An examination of the transcript clearly demonstrates the existence of a forceful breaking. The remaining two issues, although stated in brief, are not briefed and are, therefore, considered abandoned. *People* v. *Rogers* (1968), 10 Mich App 380.

It is manifest that the questions presented herein are unsubstantial and, therefore, require no argument or formal submission.

The motion to affirm the conviction and sentence is granted.