## PEOPLE *v.* TRICE

1. JURY—PANEL—SELECTION OF JURY—BURDEN OF PROOF.

The burden of proving that the officials of the county did not comply with the requirements of the law in the selection of jurors at random is on the moving party.

2. JURY—PANEL—SELECTION OF JURY—EVIDENCE.

Proof that the proportion of city residents on a jury panel is not the same as the ratio of city residents to the whole population of the county as determined by the last census does not show by itself that the jury was selected in a manner other than according to law (MCLA § 600.13 *et seq.*).

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 January 8, 1970, at Grand Rapids. (Docket No. 6,573). Decided March 24, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  47 Am Jur 2d, Jury § 145.
[2]  47 Am Jur 2d, Jury §§ 136, 138–140, 148.

Eddie Trice was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Lawrence C. Reddy,* Assistant Prosecuting Attorney, for the people.

*Jerry L. Nurrie,* for defendant.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

R. B. Burns, J. Defendant was tried and convicted by jury on August 16, 1968, of the crime of breaking and entering. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Before trial defendant challenged the array of the jury on the ground that it was illegally impaneled. The trial court denied the challenge after a hearing. Defendant appeals this decision and requests a new trial.

The jury that returned the guilty verdict against defendant was selected from a list composed of 52 names comprising the panel of petit jurors for the July, 1968, term of the Kalamazoo County circuit court. This list was in turn selected from a list of some 400 names comprising the entire panel of petit jurors for the July and the following three terms of the circuit court. Defendant claims the jury was illegally impaneled because the composition of the petit jurors for the July term did not exactly reflect the population ratio of the Kalamazoo County political subdivision as determined by the 1960 census.[1] Because of this discrepancy he con-

---

[1] The 1960 census expressed in terms of ratios showed that 36% of the county's population resided in townships or villages and 64% in the cities, of which Kalamazoo contained 48% of the population. The July term panel's ratio was 50% from non-city and 50% from cities, of which Kalamazoo was represented by approximately 30%.

jectures that the officials charged with the responsibility of selecting the names of those who were to go on the panel of petit jurors must have acted contrary to statute.[2] But defendant neglects consideration of the fact that the 52 names in question were drawn from a list of some 400 names. Nothing has been submitted to indicate the list of 400 was selected in any other manner than according to law or that it did not reflect the population distribution of the county in its composition. Nor has there been a positive showing that the ratio of the July term was not merely the result of a random selection. The burden to prove that the officials of the county did not comply with the requirements of the law in the selection of jurors at random is on the moving party. *Robson* v. *Grand Trunk W. R. Co.* (1966), 5 Mich App 90. Defendant has also failed to substantiate his contentions that there was systematic exclusion of Negroes in the selection of the jury and that the former Michigan statutes on jury selection are unconstitutional. (See footnote 2.) The proofs do not show purposeful or systematic discrimination against Negroes. See *Whitus* v. *Georgia* (1967), 385 US 545 (87 S Ct 643; 17 L Ed 2d 599).

Affirmed.

All concurred.

---

[2] Chapter 12 of RJA, the provisions of which defendant claims to have been violated, particularly MCLA § 600.1203 (Stat Ann 1962 Rev § 27A.1203) has been repealed and supplanted by the new chapter 13 (MCLA § 600.1301 *et seq.* [Stat Ann 1970 Cum Supp § 27A.1301 *et seq.*]).