## PEOPLE *v.* CANNON

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION FOR REVIEW.

     Defendant waived his right to object to the failure to instruct the jury on his right to use reasonable force to resist an unlawful arrest and on his right of self-defense where defendant's counsel made no request for instructions on these matters and where defendant's counsel expressed his approval of the instructions given.

2. APPEAL AND ERROR—QUESTIONS NOT BRIEFED—ABANDONMENT.

     An issue merely asserted but not briefed is considered by an appellate court to be abandoned.

Appeal from Genesee, Harry P. Newblatt, J. Submitted Division 2 June 10, 1970, at Lansing. (Docket No. 7,508.)   Decided October 5, 1970.

Lawrence Cannon was convicted of assault with intent to do great bodily harm.  Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Charles A. Forrest, Jr.,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 693.

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to do great bodily harm less than the crime of murder. CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279). He was sentenced to 2–1/2 to 10 years imprisonment and brings this appeal as of right.

On October 20, 1968, the defendant's automobile was stopped for speeding by Officer John McAuliffe of the Flint Police Department. The officer went over to defendant's car, told the defendant that he was going to be ticketed for speeding, and returned to his patrol car to write out a citation. The defendant then left his car and went to the patrol car where he began directing abusive language at the officer. The officer, observing that there were other people around, got out of his car and told defendant that he was under arrest for breach of the peace.

In the process of effectuating this arrest, a scuffle broke out between Officer McAuliffe and defendant in which the officer's service revolver was fired twice, inflicting a slight wound on defendant's hand. The officer was finally able to subdue defendant and arrest him. Officer McAuliffe testified at trial that the defendant had precipitated the scuffle and that he grabbed the officer's gun; the defendant denied this, testifying that the officer was going to shoot him and that he was only protecting himself.

At trial Officer Thomas Haley, an interrogating officer, testified that after the incident in question he heard the defendant say: "I should have killed him." This statement by defendant was volunteered after the *Miranda*[1] warnings were given.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

The defendant contends that it was error to admit Officer Haley's testimony because it was not contained in the "circuit court history" or other materials given to the defense by the prosecution. A review of the record clearly shows, however, that this question was ruled upon by the judge below in a hearing out of the jury's presence. His ruling that Officer Haley's testimony was admissible because defendant's statement was voluntary, etc., was not erroneous and does not require a reversal on appeal.

The next point raised by defendant in his brief is that the judge erred by not instructing the jury on defendant's right to use reasonable force to resist an unlawful arrest and on his right of self-defense. In the instant case defendant's counsel made no request for the judge to charge on these matters and additionally expressed his approval of the instructions when given at trial. For these reasons defendant has waived the right to present that issue now. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Jebb* (1966), 3 Mich App 118; *People* v. *Thomas* (1965), 1 Mich App 444.

Defendant's final assertion is that the evidence produced at trial was not sufficient to support a verdict of guilty beyond a reasonable doubt. The defendant did not brief this issue but merely asserted it in his brief and we therefore consider it abandoned. *People* v. *Rogers* (1968), 10 Mich App 380.

The verdict below is affirmed.

Affirmed.