PEOPLE v. CURTIS WILSON

1. HOMICIDE—MURDER—MANSLAUGHTER—PROVOCATION—FACT QUES-
TION.

Fact question of whether evidence of provocation was adequate
to reduce a crime from murder to manslaughter was properly
left for the jury to determine (MCLA § 750.317).

2. CRIMINAL LAW—APPEAL AND ERROR—BRIEFS—ISSUES ABANDONED
—INSTRUCTIONS TO JURY.

Assertions of error that were merely alleged in defendant's brief
will not be considered on appeal where they are not briefed
or argued and therefore are considered abandoned, they are
not set forth or necessarily suggested by the statement of
questions in defendant's brief, and they all relate to the trial
court's instructions but no requests for instructions on the
points were made below and no objections were voiced to the
charges as given (GCR 1963, 813.1).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J.  Submitted Division 1 October
7, 1970, at Grand Rapids.  (Docket No. 9,153.)
Decided October 27, 1970.  Leave to appeal denied
June 16, 1971.  385 Mich 754.

Curtis Wilson was convicted of second-degree
murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES

[1]  40 Am Jur 2d, Homicide § 479.
[2]  5 Am Jur 2d, Appeal and Error §§ 693, 698, 891.

Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*D. Michael Kratchman,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. The people move to affirm defendant's conviction by a Recorder's Court jury of murder in the second degree, contrary to MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). See GCR 1963, 817.5(3).

On appeal, defendant argues that the trial court erred by not holding, as a matter of law, that the evidence of provocation was adequate to reduce the crime from murder to manslaughter. As is usually the case, the question of the adequacy of the provocation was a fact question and was properly left by the trial court for the jury to determine. *People* v. *White* (1969), 15 Mich App 527.

Secondly, defendant objects to the trial court's use of adjectives to describe the provocation required in order to reduce the crime to manslaughter. The portion of the court's instruction complained of is almost identical to the instructions given by the lower court in *People* v. *Milhem* (1957), 350 Mich 497, 506, 507. Of that charge, the Supreme Court said,

"We believe this charge is entirely consistent with the statute and with previous cases defining manslaughter handed down by this Court." 350 Mich at 507.

Other assertions of error are merely alleged in defendant's brief. We do not consider them for a number of reasons. They are not briefed or argued

and therefore are considered abandoned. *People* v. *McGown* (1969), 19 Mich App 580. They are not set forth or necessarily suggested by the statement of questions in defendant's brief. GCR 1963, 813.1. Finally, they all relate to the trial court's instructions; but, no requests for instructions on the points were made below and no objections were voiced to the charges as given. Under those circumstances, the alleged errors will not be considered on appeal. *People* v. *Wright* (1970), 23 Mich App 330.

The motion to affirm is granted.