PEOPLE *v.* POWELL

PEOPLE *v.* WEBBER

CRIMINAL LAW—PRESENTENCE REPORT—APPEAL AND ERROR.
Trial court's failure to make presentence reports available to the defendants or their attorney presents an unsubstantial question on appeal where the defendants have never asked to see the reports, the reports were not before the appellate court for review as to a possible miscarriage of justice, and the defendants have not requested oral argument.

Appeals from Ingham, Sam Street Hughes, J. Submitted Division 2 October 12, 1971, at Grand Rapids. (Docket Nos. 11646, 11647.) Decided November 29, 1971.

Daniel S. Powell and Ernest P. Webber were convicted, on their pleas of guilty, of armed robbery. Defendants appeal. The people's motion to affirm is granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Charles R. Stiles,* for defendants on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and T. M. BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545.
21 Am Jur 2d, Criminal Law §§ 303, 304.

PER CURIAM. The defendants pled guilty to armed robbery of a gas station attendant, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). They were represented by a retained, experienced criminal lawyer. On February 19, 1971, defendant Powell was sentenced to a term of five to ten years in prison and defendant Webber was sentenced to a term of six to ten years in prison. The maximum sentence for armed robbery is life imprisonment.

On appeal, appointed appellate defense counsel presents three questions, none of which are briefed or argued. Therefore, they are considered abandoned. *People* v. *Williams* (1971), 29 Mich App 420 and *People* v. *Heard* (1971), 31 Mich App 439. Appellate defense counsel's argument, as opposed to the issues he states, concerns alleged error in sentencing the defendants without showing them or their attorney their presentence reports.

In *People* v. *Malkowski* (1971), 385 Mich 244, decided June 7, 1971, the Court held that on the facts of that case there was no miscarriage of justice in the refusal of the court to allow defense counsel to see the presentence report. However, the implication of the decision was that granting a defendant's request to see his presentence report was not a matter of judicial discretion.

The sentencings in the present cases were before the *Malkowski* case was decided. The defendants have never asked to see their presentence reports, and there are no presentence reports before this Court for review as to a possible miscarriage of justice. The parties have notified the court that they do not request oral argument. Under these circumstances, we find the issue so unsubstantial as to require no formal submission.

The motions to affirm are granted.