## PEOPLE v TUBBS

### ·OPINION OF THE COURT

1. CRIMINAL LAW—COMPETENCY—HEARING—EVIDENCE—NEW TRIAL—
   STATUTES—COURT RULES.

   Failure to follow a statute or court rule respecting competency
   determination does not ipso facto entitle a defendant to a new
   trial; evidence substantiating incompetency-in-fact must estab-
   lish that there is a violation of rights before a new trial will be
   ordered.

### CONCURRENCE BY BRONSON, J.

2. APPEAL AND ERROR—CLAIM OF APPEAL—DELAYED APPEAL—COURT
   RULES.

   *Failure to file a claim of appeal within the applicable time
   terminates the right to appeal; the appellant must then resort
   to an application for leave to take a delayed appeal (GCR 1963,
   802).*

3. APPEAL AND ERROR—APPEAL OF RIGHT—TIME LIMIT—FINAL JUDG-
   MENT—CRIMINAL LAW—COURT RULES.

   *A convicted defendant appealing a final judgment does not have
   an appeal as of right where the appeal was not filed within the
   60-day jurisdictional time limit fixed by court rule (GCR 1963,
   803.1).*

4. APPEAL AND ERROR—CRIMINAL LAW—COMPETENCE—COURTS—JU-
   RISDICTION—HABEAS CORPUS.

   *A defendant's competence to stand trial goes to the heart of the
   validity of his conviction and the jurisdiction of the convicting
   court; such an issue properly comes before the Court of Appeals*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 32, 63.
   Investigation of present sanity to determine whether accused
   should be put, or continue, on trial. 142 ALR 961.
[2, 3] 4 Am Jur 2d, Appeal and Error § 20.
[4] 39 Am Jur 2d, Habeas Corpus § 60.
[5, 6] 5 Am Jur 2d, Appeal and Error § 876.

on appeal by leave granted in the nature of an application for a
writ of habeas corpus, where an appeal as of right is no longer
timely.

5. Appeal and Error—Abandonment of Issue.
    Failure to raise, argue or brief an issue constitutes abandonment
    of that issue and precludes further consideration of it.

6. Appeal and Error—Nonjurisdictional Error.
    There should be but one opportunity to raise nonjurisdictional
    errors on appeal.

Appeal from Kent, George V. Boucher, J. Submitted March 5, 1975, at Grand Rapids. (Docket
No. 17535.) Decided September 22, 1975.

Eugene Tubbs was convicted of second-degree
murder. Defendant appealed. Affirmed, 22 Mich
App 549 (1970). Defendant appeals by leave
granted on issues not dealt with in the initial
appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston III,*
Chief Appellate Attorney, for the people.

*Loeks, Buth, Wood & Weidow,* for defendant.

Before: D. E. Holbrook, P. J., and Bronson and
M. J. Kelly, JJ.

M. J. Kelly, J. Rosie Hardges was killed on July
14, 1967. Defendant was convicted by a jury of
second-degree murder, MCLA 750.317; MSA
28.549, on September 12, 1968. On appeal to this
Court, his conviction was affirmed. *People v Tubbs,*
22 Mich App 549; 177 NW2d 622 (1970). Subsequently defendant, *in propria persona,* forwarded
to this Court a "Motion for Peremptory Reversal"
in which issues not dealt with in the initial appeal

were raised. Treating the document as an application for leave to take a delayed appeal, we granted leave.

The people have continually asserted that since "defendant has had his day in court", we are without jurisdiction to consider issues which could have been, but were not, raised in the initial appeal. Suffice it to note that this precise argument has been twice rejected in the course of prior proceedings in this very case, once by our Supreme Court, *People v Tubbs,* 392 Mich 769 (1974). We do not reconsider it.

We have examined the allegations of error. All are without merit except the contention that the trial court erred in not conducting the competency hearing required by MCLA 767.27a(4); MSA 28.966(11)(4). Since the pertinent statutory provisions were enacted by 1966 PA 266, effective March 10, 1967, no retroactivity question is presented.

In the instant case, as in *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975), defendant was committed to the Department of Mental Health. As in *Lucas,* a report was filed with the trial court recommending that defendant be found competent to stand trial. As in *Lucas,* no competency hearing was held upon defendant's return to the committing court. The disposition of this case is governed by *Lucas.*

Defendant does not contend that he was in fact incompetent at the time of his trial. We quote the *Lucas* opinion:

"As we said in *Blocker, supra, [People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975)] failure to follow a statute or court rule respecting competency determination does not ipso facto entitle a defendant to a new trial. Evidence substantiating incompetency-in-fact

must establish that there is a violation of rights before a new trial will be ordered. Here, as in *Blocker,* no evidence of incompetence was adduced at trial and no offer of such evidence is now made." 393 Mich at 528.

We therefore adopt the *Lucas* remedy. The conviction is affirmed without prejudice to defendant's right to file a delayed motion for new trial if he wishes to claim incompetency.

D. E. Holbrook, P. J., concurred.

Bronson, J., *(concurring).* I concur in the affirmance of Tubbs' conviction, but take a differing approach concerning the procedural complexities of this case.

In my opinion, Tubbs' request for review should not have been treated as an application for delayed appeal. GCR 1963, 803.3 creates the jurisdictional category of "delayed appeal":

"Delayed appeal. After expiration of the period for timely appeal, the Court of Appeals may, in its discretion, grant leave to appeal from any order or judgment from which timely appeal *would have been available* either as of right or by leave, upon showing, supported by affidavit, that there is merit in the grounds for appeal and that the delay was not due to appellant's culpable negligence." (Emphasis supplied.)

GCR 1963, 806.4(2) sets forth the procedures to be utilized in a case, such as this one, "Where timely appeal *would have been of right".* (Emphasis supplied.) Both rules used the conditional language "would have been", implying that the party requesting delayed appeal has not taken advantage of his right to appeal due to a failure to claim that

appeal within the time limit specified in GCR 1963, 803.1. Messrs. Honigman and Hawkins point out in their analysis of GCR 1963, 803 that if a party does not file a claim of appeal within the applicable time, "the right to appeal ceases to exist". 6 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 71. They indicate that "The appellant must then resort to an application for leave to take a delayed appeal". *Id.*

The delayed appeal was created to serve as a substitute for an appeal by right which is untimely.[1] The delayed appeal is not designed to provide a second (or third, or nth) appeal for a litigant who has previously taken advantage of his right to appeal.

So Tubbs cannot obtain access to this Court through a delayed appeal. Nor can he appeal by right. Though he is appealing a "final judgment", MCLA 600.308; MSA 27A.308; GCR 1963, 801.3(1); GCR 1963, 806.1, his appeal cannot be by right because it was not filed within the 60-day jurisdictional time limit fixed in GCR 1963, 803.1. See *People v Pickett,* 391 Mich 305, 316–317; 215 NW2d 695 (1974).

The only pigeonhole left is appeal by leave. GCR 1963, 806.2(5) provides:

"The Court of Appeals may grant leave to appeal from:

* * *

"(5) Such other matters as are provided by the rules of the Supreme Court or other laws." (Emphasis supplied.)

---

[1] Since an application for leave to appeal must be filed within the time limit set for claiming an appeal by right, 6 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 72, a delayed appeal is also available for parties who have not prosecuted an appeal by leave in timely fashion. GCR 1963, 806.4(1).

The only "other law" here applicable is, in my opinion, habeas corpus.

This Court clearly has the power to issue writs of habeas corpus.[2] However, review under habeas corpus is extremely limited. Its scope was noted in *People v Price,* 23 Mich App 663, 669–670; 179 NW2d 177 (1970):

"Section 4310(3) of the *habeas corpus* statute prohibits a *habeas* action by or on the behalf of 'persons convicted, or in execution, upon legal process, civil or criminal.' This statutory prohibition is generally consonant with often-repeated judicial declarations that *habeas corpus* cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. Despite the general prohibition, *habeas corpus* is open to a convicted person in one narrow instance, one that concerns us here, and that is where the convicting court was without jurisdiction to try the defendant for the crime in question. See *In re Joseph,* 206 Mich 659 [173 NW 358] (1919), *People v Harris,* 266 Mich 317 [253 NW 312] (1934), *In re Joslin,* 334 Mich 627 [55 NW2d 125] (1952). This exception, it must be added, is qualified by the requirement that the jurisdictional defect be radical. It must render the conviction absolutely void. *In re Palm,* 255 Mich 632 [238 NW 732] (1931), *In re Gardner,* 260 Mich 122 [244 NW 253] (1932), *In re Stone,* 295 Mich 207 [294 NW 156] (1940)." (Footnotes omitted.)

The error asserted by defendant Tubbs—his competency to stand trial—goes to the heart of the validity of his conviction and the jurisdiction of the convicting court. MCLA 767.27a(1); MSA 28.966(11)(1). As such, it is properly before us on appeal by leave granted in the nature of an application for a writ of habeas corpus.[3]

---

[2] In fact, one judge can do so. MCLA 600.4304(2); MSA 27A.4304(2).

[3] Our review of this matter—even if it is considered as an application for habeas corpus— must be by appeal *only.* GCR 1963, 801.1.

There is good reason for restricting repeated and unlimited availability of appellate review to a criminal defendant. He already has a constitutional right[4] to appeal his conviction to this Court. If unsatisfied with our treatment of that appeal, he may request rehearing. GCR 1963, 819.4. He may also request Supreme Court review. GCR 1963, 853.

In his appeal to this Court, he may raise any and all issues for our consideration. Indeed, he is well advised to do so, since, as we have repeatedly held, failure to raise, argue or brief an issue constitutes abandonment of that issue and precludes further consideration of it. *People v Powell,* 37 Mich App 286; 194 NW2d 420 (1971), *People v Bartello,* 35 Mich App 599; 192 NW2d 664 (1971), *People v Williams,* 29 Mich App 420; 185 NW2d 435 (1971), *People v Cannon,* 27 Mich App 145; 183 NW2d 366 (1970), *People v Curtis Wilson,* 27 Mich App 401; 183 NW2d 640 (1970), *People v McGown,* 19 Mich App 580; 172 NW2d 873 (1969), *People v Rogers,* 10 Mich App 380; 159 NW2d 355 (1968), see, also, GCR 1963, 813.1.

The fact that Tubbs failed to raise the competency issue in his first appeal would, on the authority just cited, justify us in denying his application for leave to appeal were the claimed error not within the scope of habeas corpus review.

There should be but one opportunity to raise nonjurisdictional errors on appeal. That is the rule elsewhere. See *People v Marsh,* 14 Mich App 518, 524, n 5; 165 NW2d 853 (1968), *rev'd on other grounds,* 383 Mich 495; 175 NW2d 780 (1970), 1

Therefore, while the statutory remedy of habeas corpus, MCLA 600.4301 *et seq.;* MSA 27A.4301 *et seq.,* is the source of the substantive right to review, our jurisdiction is technically attained by the filing of an application for leave to appeal.

[4] Const 1963, art 1, § 20.

ALR 725. Otherwise, finality is never achieved. The appeal process becomes a battle of attrition, waged by a relentless prisoner with nothing to lose and everything to gain on an adversarial battle-field the conditions of which—through the mere passage of time—necessarily begin to take on an appearance very different from those prevailing at the time of trial. As the *Pickett* Court stressed:

> "Since a period of years may very well be involved, the problems of finding witnesses in our mobile society, the state of their memory, the availability of records and exhibits, etc., are very real and very significant." *People v Pickett, supra,* at 308.

One may wonder whether there is any real difference between the approach I propose and that adopted by the majority. I can only point to the requirements for delayed appeal in GCR 1963, 803.3 and suggest that there is an important difference between "showing * * * that there is merit in the grounds for appeal"[5] and showing a "radical defect * * * rendering [a defendant's conviction] absolutely void". *In re Palm,* 255 Mich 632, 634; 238 NW 732 (1931).

It is only because Tubbs raises an error cognizable under the law of habeas corpus that I agree that he should be given a second bite of the appellate apple. His "motion for peremptory reversal" should have been considered as an application for a writ of habeas corpus and treated, pursuant to GCR 1963, 801.1, as an application for leave to appeal. On that basis, leave was properly granted and his conviction, just as properly, affirmed.

---

[5] Since an attorney's negligence is not chargeable to his client, *Carras v Bungalow Sandwich Shoppe Co,* 257 Mich 467; 241 NW 230 (1932), the requirement that delay in prosecuting the appeal be shown to not be due to "appellant's culpable negligence" will rarely be a problem.